**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INVENSAS CORPORATION,**<br><br>       **Plaintiff,**<br><br>   **vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD.**<br>**and SAMSUNG ELECTRONICS**<br>**AMERICA, INC.,**<br><br>       **Defendants.** | Civil Action No. 2:17-cv-670 [RWS/RSP]<br><br>**FILED UNDER SEAL**<br><br>**CONTAINS INFORMATION**<br>**DESIGNATED "RESTRICTED -**<br>**ATTORNEYS' EYES ONLY"**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................ 1

II.  FACTUAL BACKGROUND ...................................................................... 1

    A.   Plaintiff Invensas And Its Allegations In This Action ........................... 1

    B.   The Samsung Defendants ....................................................................... 2

    C.   Invensas's Delaware Litigations Involving The Asserted Patents ......... 3

    E.   Potentially Relevant Third Parties ......................................................... 6

III.  LEGAL STANDARDS ............................................................................... 6

IV.  JUDICIAL ECONOMY AND FORUM SELECTION COMPEL TRANSFER ............... 7

    A.   Transfer Is Necessary To Avoid Duplicating The Parallel Delaware Action ........ 7

    B.   This Action Could Be Brought In Delaware ......................................... 8

    C.   The Public Factors Are Determinative And Favor Transfer .................. 9

        1.   Judicial Economy Compels Transfer In This Case .................... 9

        2.   The Four Enumerated Public Factors Collectively Favor Transfer .......... 11

    E.   The Private Factors Favor Transfer ..................................................... 14

        1.   Private Factor 4: Trying This Case In Delaware Would Be More Expeditious Compared To Trying It In This District .............................. 14

        2.   The Other Private Factors Are Neutral Because Invensas, Samsung, And Third Parties Are Not Located In Or Near Either Forum ............... 14

V.  CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alacritech Inc. v. CenturyLink, Inc.*,
  No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017)................... 14

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,
  134 S. Ct. 568 (2013).......................................................................................................... 7, 14

*Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*,
  Nos. 08–636–GPM, 2009 WL 2448519 (S.D. Ill. July 22, 2009) ........................................ 10

*Aventis Pharma S.A. v. Sandoz Inc.*,
  No. 06-3671 (MLC), 2007 WL 1101228 (D.N.J. Apr. 10, 2007)........................................... 7

*Bandspeed, Inc. v. Acer, Inc.*,
  No. 2:10–CV–215–TJW, 2011 WL 3648453 (E.D. Tex. Aug. 15, 2011) ......................... 9, 14

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
  406 U.S. 706 (1972).................................................................................................................. 8

*Cont'l Grain Co. v. The FBL-585*,
  364 U.S. 19 (1960)................................................................................................................... 7

*Cray, Inc. v. Raytheon Co.*,
  No. C15-1127JLR, 2016 WL 3254997 (W.D. Wash. June 13, 2016) .................................... 11

*CSR Tech., Inc. v. Bandspeed, Inc.*,
  No. CV–11–1948–PHX–GMS, 2012 WL 1150863 (D. Ariz. Apr. 5, 2012) ........................ 11

*ImagePoint Inc. v. Keyser Indus., Inc.*,
  No. 3:04-CV-119, 2005 WL 1242067 (E.D. Tenn. May 25, 2005)................................ 10, 11

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009)............................................................................................... 14

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .................................................................................................... 8

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ............................................................................................... 6, 14

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009)................................................................................................. 6

*Logan v. Hormel Foods Corp.*,
  No. 6:04–CV–211, 2004 WL 5216126 (E.D. Tex. Aug. 25, 2004)........................................ 10

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Modavox, Inc. v. AOL LLC*,
  No. CV 08–05914 SJO (PJWx), 2009 WL 8548648 (C.D. Cal. Apr. 14, 2009) ............... 7, 10

*Nidec Motor Corp. v. Broad Ocean Motor LLC*,
  No. 2:15-cv-443-JRG-RSP, 2016 WL 776986 (E.D. Tex. Feb. 29, 2016) ........................ 9, 14

*Rovi Guides, Inc. v. Comcast Corp.*,
  Nos. 2:16-CV-00321-RSP, 2016 WL 6217201 (E.D. Tex. Oct. 25, 2016) ..................... 12, 13

*Shawn Massey Farm Equip., Inc. v. CLAAS of Am., Inc.*,
  No. 4:12–CV–300, 2012 WL 7004153 (E.D. Tex. Dec. 19, 2012) ......................................... 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ........................................................................................................... 8

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  No. 6:09–cv–448–JDL, 2010 WL 2771842 (E.D. Tex. July 13, 2010) .................................. 10

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
  No. 6:15-CV-1175-JRG, 2017 WL 959856 (E.D. Tex. Mar. 13, 2017) ....................... 7, 12, 13

*Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Co.*,
  402 F. Supp. 2d 731 (E.D. Tex. 2005) ........................................................................ 9, 10, 11

## I.    INTRODUCTION

Two considerations unique to this action compel transfer to the District of Delaware.  First, four of the five asserted patents have been litigated there multiple times by Plaintiff Invensas Corp. ("Invensas").  Indeed, before filing this action, Invensas filed another action against Samsung in Delaware where it is pursuing identical allegations for two of the asserted patents — U.S. 6,849,946 ('946 Patent) and 6,232,231 ('231 Patent).  It would be wasteful and risk inconsistent rulings to allow both this action and Invensas's Delaware action against Samsung to proceed in parallel.  And two other asserted patents — U.S. 6,566,167 ('167 Patent) and 6,825,554 ('554 Patent) — were litigated extensively and construed by Delaware Judge Gregory Sleet as part of another action that Invensas dismissed in 2014 at the end of expert discovery.  ███████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

In light of the judicial inefficiency and risk of inconsistent rulings that result from parallel proceedings, Delaware's history with the patents, and the forum selection clause, Invensas's claims should be transferred to Delaware.  These considerations override the private factors, which, in any event, do not favor a contrary result as the evidence and witnesses are not located in or near this District.  Invensas cannot be heard to complain — indeed, it has litigated multiple times in Delaware based on the same patents, including in the parallel action on two of the asserted patents, and is incorporated in Delaware.  Thus, this action should be transferred to Delaware, where Samsung will seek assignment to Judge Sleet and consolidation with the pending Delaware action.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Invensas And Its Allegations In This Action

Invensas is a Delaware corporation with its principal place of business in San Jose,

California.  D.I. 1 at ¶ 2.  Invensas's complaint in this action identifies no ties between itself and

this District.  The complaint alleges that Defendants Samsung Electronics Co., Ltd. ("SEC") and

Samsung Electronics America, Inc. ("SEA") infringe five patents, the '167, '554, '946, and '231

Patents noted above, and U.S. Patent No. 6,054,336 ('336 Patent) (collectively, "Asserted

Patents").  *Id.* at ¶ 1.  The '554 Patent is a division of the '167 Patent, and the '946 Patent is a

continuation of the '231 Patent.  Exs. 1-2, 4-5.[1]  All five Asserted Patents are directed to designs

and manufacturing processes for semiconductor chips and packages.  Exs. 1-5.  Invensas alleges

that Samsung infringes because its consumer products (such as smartphones) include

semiconductor components that practice the Asserted Patents.  D.I. 1 at ¶¶ 19, 32, 44, 58, 72.

Samsung filed its answer on December 19, 2017.  D.I. 24.  The scheduling conference just

occurred on January 11, 2018, and the Court has set the *Markman* hearing for August 9, 2018, and

trial for February 19, 2019.  D.I. 38.

### B.      The Samsung Defendants

SEC is a Korean company headquartered in Suwon, Korea.  Lee Decl. at ¶ 3.  SEC and its

employees in Korea are responsible for developing, designing, testing, manufacturing, and

assembling the semiconductor chips and packages accused in Invensas's complaint as well as the

accused consumer products that use these semiconductor products.  *Id.* at ¶ 4.  To the extent that

any documentation relating to the accused semiconductor products is in SEC's possession, it would

be located in SEC's facilities in Korea.  ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████No witnesses or

documentation concerning the accused products is located in this District.  *Id.* at ¶ 7.

---

[1] Except where noted, citations to "Ex." refer to exhibits to the declaration of Brian Berliner.

SEA, a wholly owned subsidiary of SEC, is a New York corporation headquartered in Ridgefield Park, New Jersey.  Diaz Decl. at ¶¶ 3-4.  SEA has offices in Richardson, Texas.  *Id*. at ¶ 3.  SEA imports into the United States end consumer products manufactured by SEC, and SEA is then responsible for commercialization, sales, marketing, distribution, service, and repair for those consumer products in the United States.  *Id*. at ¶ 5.  SEA has no involvement in the design, development, testing, manufacture, or assembly of the accused semiconductor products.  *Id*.  SEA maintains financial data in an accounting system accessible from multiple SEA offices, including its New Jersey headquarters.  *Id*. at ¶ 6.  SEA maintains some marketing and sales documents at its Richardson, Texas office, but these documents can be copied or accessed at SEA's New Jersey headquarters as well.  *Id*.  SEA does not possess any documents relating to the design, development, testing, manufacture, or assembly of the semiconductor products that Invensas accuses, nor does it have any employees who could serve as knowledgeable witnesses on those subjects.  *Id*. at ¶ 7.

## C. Invensas's Delaware Litigations Involving The Asserted Patents

This action is not the first time that Invensas has sued for infringement of the Asserted Patents.  Rather, as summarized in the table and discussion below, Invensas has asserted four of the Asserted Patents in four district court actions, all filed in Delaware.

| Invensas's Delaware Actions | Overlapping Patents |
|---|---|
| *Invensas Corp. v. Renesas Elecs. Corp.*, 11-cv-00448 (2011-14) | '167, '554 |
| *Invensas Corp. v. Broadcom Corp.*, 16-cv-00379 (2016-17) | '946 |
| *Invensas Corp. v. Avago Techs. Ltd.*, 16-cv-01033 (2016-17) | '946 |
| *Invensas Corp. v. Samsung Elecs. Co.*, 17-cv-01363 (2017-pending) | '946, '231 |

Invensas asserted the '167 and '554 Patents against defendant Renesas Electronics Corp., in an action filed on May 23, 2011, before District Judge Gregory Sleet ("*Renesas* Action").  The *Renesas* Action proceeded through *Markman*, where the parties submitted technology tutorials and Judge Sleet conducted a *Markman* hearing and then issued a claim construction order that

construed thirteen disputed terms in the '167 and '554 Patents' claims.  Exs. 6, 7.  The parties then completed fact discovery, served expert reports, and were completing expert depositions when they filed a stipulated dismissal on March 20, 2014.  Ex. 6.

In 2016, Invensas filed two actions in Delaware based on the '946 Patent, the first against Broadcom Corp. and the second against Avago Technologies and other defendants.  Exs. 8-9.  Both actions were recently dismissed in 2017 after being stayed pending resolution of a parallel ITC investigation.  *Id.*

Before filing this action, Invensas sued Samsung in Delaware asserting only the '946 and '231 Patents ("Delaware Samsung Action").  Exs. 10-11.  The Delaware Samsung Action also names SEC as a defendant, but in place of SEA, Invensas asserts infringement by Samsung Austin Semiconductor, LLC ("SAS"), which is a subsidiary of SEA and SEC.  Exs. 12-13.  Invensas's Delaware complaint alleges the same infringement theories for SAS as SEA in this action.  Both complaints assert that "Defendants SEC and [SEA/SAS] are related entities that work in concert to design, manufacture, import, distribute, and/or sell the infringing devices."  D.I. 1 at ¶ 5; Ex. 12 at ¶ 5.  And for the '931 and '246 Patents, both complaints' allegations are nearly verbatim and identify the same accused products, namely, "Samsung Galaxy S6, S7, S8" smartphones and other devices that include "Exynos processors" and other "substantially similar" semiconductor chips.  D.I. 1 at ¶¶ 18-42; Ex. 12 at ¶¶ 14-39.  The Delaware Samsung Action is in its infancy as Samsung only filed its answer on December 19, 2017.  Ex. 14.  A scheduling conference only recently took place on January 22, 2018, and the trial is scheduled for November 2019.  Ex. 15.

### E.    Potentially Relevant Third Parties

The inventors of the '946 and '231 Patents (Anantha Sethuraman and Christopher Seams) and '167 and '554 Patents (Wee Liew, Aritharan Thurairajaratnam, Nadeem Haque) are located in the San Francisco–San Jose area in California.  Exs. 22-28, 30-33.  The inventors of the '336 Patent (Hermanus Peek and Daniel Verbugt) are located in the Netherlands.  Exs. 29, 33, 36.

Samsung's investigation into validity of the Asserted Patents is ongoing and it has yet to identify the prior art references that it will rely on in this litigation, and thus the location of prior art witnesses is currently unknown.

Former employees of SEC or Invensas involved in negotiating the ███████████ ███████████ may have information relevant to understanding those agreements.  The only such individual identified so far is Mr. McElrea, who is believed to reside in San Jose.

## III.    LEGAL STANDARDS

Following Fifth Circuit law, this Court applies the "public" and "private" factors in deciding a § 1404(a) motion to transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.9 (5th Cir. 2008).  The "private" factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive.  *Id.* at 315.  The "public" factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws in the application of foreign law.  *Id.*

Although judicial economy is not listed among the factors, it is "a paramount consideration" in deciding a transfer motion.  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).  Further, if "the movant asserts a forum selection clause in a motion to transfer"

and the "court concludes that the forum selection clause is" triggered by an underlying claim or defense, then the "usual § 1404 analysis is altered in two relevant ways: (1) the plaintiff's choice of forum merits no weight, and (2) the district court should consider arguments about public interest factors only." *Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-CV-1175-JRG, 2017 WL 959856, at *2 (E.D. Tex. Mar. 13, 2017) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 579, 581-82 (2013)).  "[T]he practical result" of this altered analysis "is that forum selection clauses should control except in unusual circumstances." *Id.*

## IV.   JUDICIAL ECONOMY AND FORUM SELECTION COMPEL TRANSFER

### A.   Transfer Is Necessary To Avoid Duplicating The Parallel Delaware Action

Transfer of this action is necessary to avoid duplicating efforts with the Delaware Samsung Action, which Invensas filed before this action (albeit on the same day) and where it is pursuing identical claims for the '946 and '231 Patents.  "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that . . . § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).  Courts have accordingly transferred patent actions to other districts with pending actions and overlapping patents.  In *Aventis Pharma S.A. v. Sandoz Inc.*, where the plaintiff filed actions on the same patent in New Jersey and California on the same day, the New Jersey court transferred the action to California on the "basis of judicial economy." No. 06-3671 (MLC), 2007 WL 1101228, at *3-4 (D.N.J. Apr. 10, 2007).  In *Modavox, Inc. v. AOL LLC*, a California court similarly transferred an action to New York where the plaintiff had filed a pending action "involv[ing] the same patents and similar technology against a subsidiary of Defendants."  No. CV 08–05914 SJO (PJWx), 2009 WL 8548648, at *7 (C.D. Cal. Apr. 14, 2009).

Both this action and the Delaware Samsung Action will present identical claim construction, validity, and infringement issues for the '946 and '231 Patents.  And though only

two of the five Asserted Patents are at issue in the Delaware Samsung Action, that action will still raise other duplicative issues and discovery demands that apply to all five Asserted Patents.  For example, the accused products are nearly identical across all five patents, *see* D.I. 1 at ¶ 16 (identifying same accused products across all patents), and ███████████████████████ ████████████████ will be at issue in both cases.  Judicial economy interests therefore compel transferring either this action or the Delaware Samsung Action so that Invensas's claims can be tried in a single action.  As detailed below, two considerations — (1) Delaware's familiarity with the patents and (2) ███████████████████████████████ — compel transferring this action to Delaware and override the private factors.  Accordingly, after addressing the threshold issue of whether suit could be brought in Delaware, this motion will address those two considerations first and then the private factors.

### B.     This Action Could Be Brought In Delaware

A threshold issue in the transfer inquiry is whether the suit could have been brought in the transferee district.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  Invensas's suit could have been brought in Delaware because venue there would have been proper in this case over both SEC and SEA.  As a foreign entity, SEC can be sued in any district.  *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972).  Under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), venue would be improper as to SEA, a New York corporation without an office in Delaware.  ████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████.  Thus, this action could have been brought in Delaware.  *E.g.*, *Shawn Massey Farm Equip., Inc. v. CLAAS of Am., Inc.*, No. 4:12–CV–300, 2012 WL 7004153, at *5 (E.D. Tex. Dec. 19, 2012) ("Because the Court

has found that the forum selection clause is enforceable and covers the claims in this lawsuit, the Court finds that this case could have been brought in the [transferee forum].").

### C.     The Public Factors Are Determinative And Favor Transfer

#### 1.     Judicial Economy Compels Transfer In This Case

Although not enumerated among the four public interest factors, those "factors encompass the interest of justice consideration of the § 1404(a) analysis." *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005).  The "consideration of the interest of justice," in turn, "includes judicial economy," which "may be ***determinative*** to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result."  *Id.* (quotations omitted; emphasis added).  This District has repeatedly found judicial economy determinative and compelling transfer where, as here, the proposed transferee forum was familiar with the asserted patents based on prior proceedings.

On nearly identical facts, in *Nidec Motor Corp. v. Broad Ocean Motor LLC*, this Court granted transfer to Missouri because, "[f]our years ago, [plaintiff] sued [another party] for infringement of the Asserted Patents in the Eastern District of Missouri" and the "Missouri [court] has construed the Asserted Patents.  It is familiar with those patents and this Court is not."  No. 2:15-cv-443-JRG-RSP, 2016 WL 776986, at *3 (E.D. Tex. Feb. 29, 2016).  Likewise, in *Bandspeed, Inc. v. Acer, Inc.*, Judge Ward granted transfer to Judge Yeakel in the Western District of Texas because "Judge Yeakel has already conducted a technology tutorial and *Markman* hearing on these same patents in the Western District Action and, thus, has expended considerable time and energy familiarizing himself with the technology at issue and the claims of the patents.  A duplication of Judge Yeakel's efforts would be wasteful."  No. 2:10–CV–215–TJW, 2011 WL 3648453, at *4 (E.D. Tex. Aug. 15, 2011).  In *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Magistrate Judge Love granted transfer to the Northern District of California because the asserted

patents had been litigated there against another defendant and "transfer is most appropriate when one court has extensive familiarity with the technology or the legal issues involved" and had previously issued "a claim construction opinion." No. 6:09–cv–448–JDL, 2010 WL 2771842, at *6 (E.D. Tex. July 13, 2010). In *Zoltar*, Judge Davis granted transfer to Judge Ware in the Northern District of California where, in a past litigation involving the asserted patents, "Judge Ware reviewed tutorials on the technology at issue; conducted three claim construction proceedings; [and] issued three claim construction orders construing over twelve claim terms." 402 F. Supp. 2d at 735. Likewise, in *Logan v. Hormel Foods Corp.*, Judge Davis transferred another patent action to Judge Werlein in the Southern District of Texas because in a prior action that the plaintiff had filed in that district, "Judge Werlein held a *Markman* hearing and issued a claim construction regarding the patent at issue in this case." No. 6:04–CV–211, 2004 WL 5216126, at *2 (E.D. Tex. Aug. 25, 2004).[2]

These authorities and the determinative weight of judicial economy compel transferring this action to Delaware. Four of the five Asserted Patents have been the subject of four actions filed by Invensas in Delaware. Two of these patents, the '167 and '554 Patents, were litigated for three years in the *Renesas* Action, where Judge Sleet reviewed technology tutorials, held a *Markman* hearing, and issued a *Markman* order construing thirteen disputed terms in the '167 and '554 Patents' claims. Exs. 6-7. The '946 Patent, meanwhile, has been asserted in three Delaware actions, and both it and the related '231 Patent are the subject of Invensas's parallel Delaware Samsung Action.

Invensas may argue that because the prior Delaware actions involving the '946 and '231

---

[2] Other districts have also routinely granted transfer to forums having familiarity with the asserted patents. *Cray, Inc. v. Raytheon Co.*, No. C15-1127JLR, 2016 WL 3254997, at *4-5 (W.D. Wash. June 13, 2016); *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, Nos. 08–636–GPM, 2009 WL 2448519, at *4 (S.D. Ill. July 22, 2009); *Modavox*, 2009 WL 8548648, at *7; *ImagePoint Inc. v. Keyser Indus., Inc.*, No. 3:04-CV-119, 2005 WL 1242067 (E.D. Tenn. May 25, 2005).

Patents were stayed and dismissed without any substantive proceedings in Delaware, only the '167 and '554 Patents have been substantively litigated and thus any efficiency gains from transfer would be limited to only two of the Asserted Patents.  But courts have granted transfers where only some, but not all, of the asserted patents were litigated before in the transferee forums.  In *Cray*, a Washington court transferred a nine-patent action to this District, where only four of nine asserted patents were at issue in an earlier-filed action.  2016 WL 3254997, at *4-5.  Similarly, in *ImagePoint*, a Tennessee court transferred a five-patent action to the Eastern District of Kentucky, where there was a pending, earlier-filed action concerning only three of the five patents.  2005 WL 1242067, at *1-2.  In *Zoltar*, Judge Davis granted transfer to the Northern District of California, where three of the four patents at issue had been litigated before.  402 F. Supp. 2d at 733-34.  And in *CSR Technology, Inc. v. Bandspeed, Inc.*, an Arizona court transferred a patent action to the Western District of Texas, where there was a pending patent action between the same parties, but ***none*** of the patents asserted in the Arizona and Texas actions overlapped.  No. CV–11–1948–PHX–GMS, 2012 WL 1150863 (D. Ariz. Apr. 5, 2012).  The court reasoned that although the Texas action concerned different patents, those patents involved the same Bluetooth technology at issue and "the efforts expended by the Western District of Texas to become familiar with the technology at issue weighs decisively in favor of transfer."  *Id*. at *6-7.  Likewise, though only the '167 and '554 Patents were construed before, the other three patents cover similar semiconductor technologies with which Delaware and Judge Sleet are familiar.

Thus, considering the familiarity that Delaware and Judge Sleet have with two of the Asserted patents and the technologies at issue, judicial economy compels transfer to Delaware.

### 2.     The Four Enumerated Public Factors Collectively Favor Transfer

Public factor (1), difficulties flowing from court congestion, favors transfer.  Between 2014 and 2017, over twice as many patent cases have been filed in this District (6,498 cases) versus

Delaware (2,720 cases).  Exs. 37-38.  And for this action, Judge Sleet's familiarity with the patents will facilitate more efficient case management.  Public factor (2), interest in having localized interests decided at home, favors transfer.  While neither party is incorporated in Texas nor based in this District, Invensas is a Delaware corporation.  D.I. 1 at ¶ 2.  Although SEA has offices in Richardson, Texas, SEA has no involvement with the design and manufacture of the accused semiconductor chips.  Diaz Decl. at ¶ 5.  Public factor (3), ███████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Public factor (4) is neutral because the same law will apply in both forums.

### D.     The Forum Selection Clauses Designating Delaware Are Controlling

As this Court stated in *Rovi Guides, Inc. v. Comcast Corp.*, "§ 1404(a) requires that a forum selection clause be 'given controlling weight in all but the most exceptional cases.'"  Nos. 2:16-CV-00321-RSP, 2016 WL 6217201, at *2 (E.D. Tex. Oct. 25, 2016) (citing this District's precedent).  Thus, the "threshold question when the movant asserts a forum selection clause in a motion to transfer is whether the clause [is] implicated by [an] underlying claim or defense." *Uniloc*, 2017 WL 959856, at *2.  "[W]hen making [this] threshold determination . . . the nexus between the present case and the alleged license defense must be 'non-frivolous.'"  *Id.*

Applying the "non-frivolous" standard, this Court in *Rovi Guides* granted transfer to the Southern District of New York because the plaintiff and defendant had entered into an agreement with a forum selection clause stating that any action "based on any matter arising out of" the agreement "shall be brought" in New York, and defendant raised the license as a defense, arguing that "[plaintiff] accuses technology that may be covered by the Agreement."  2016 WL 6217201, at *4.  This Court rejected plaintiff's argument that the accused products were not covered by the agreement because "[s]uch arguments . . . demand resolution of [defendant's] liability and

defenses, begging the question of whether Rovi's patent infringement suits are at least connected to the [agreement]." *Id.*  Likewise in *Uniloc*, this District granted transfer to the Western District of Washington, which was the venue selected in a prior license agreement that the plaintiff had entered into and to which the defendant was a third-party beneficiary and licensee.  2017 WL 959856, at *1, 3.  This District rejected plaintiff's arguments that the agreement's scope excluded the defendant as a beneficiary, reasoning that those arguments "demonstrate nothing more or less than the fact that there is a live dispute . . . regarding [defendant's] license defense.  The resolution of this dispute, however, should not be made by this Court." *Id.* at *4.

███████████████████████████████████████.

### E.     The Private Factors Favor Transfer

The judicial economy considerations and forum selection clauses discussed above override

and, in fact, obviate the need to consider the private factors.  *Atl. Marine*, 134 S. Ct. at 582.  To

the extent that the private factors are nonetheless considered, they still favor transfer.

### 1.     Private Factor 4: Trying This Case In Delaware Would Be More Expeditious Compared To Trying It In This District

Under  the  fourth  factor — *i.e.*,  all  other  practical  problems  that  make  a  trial  easy,

expeditious, and inexpensive — courts in this District have considered the judicial efficiency to be

gained from transferring to a forum with familiarity with the asserted patents.  *E.g.*, *Nidec*, 2016

WL 776986, at *4; *Bandspeed*, 2011 WL 3648453, at *4.  Accordingly, this factor strongly favors

transfer to Delaware for the reasons discussed in Section IV.C.1.  In addition, this case is still in

its infancy.  The scheduling conference just took place on January 11, while the *Markman* hearing

is seven months away and trial is over a year away.  D.I. 38.

### 2.     The Other Private Factors Are Neutral Because Invensas, Samsung, And Third Parties Are Not Located In Or Near Either Forum

The first three private factors assess the distance that evidence or witnesses must travel to

reach each forum and the extent to which third parties are within each forum's subpoena power.

*Volkswagen*, 545 F.3d at 315-17.   "[W]hen a  particular witness would be required to travel a

significant distance regardless of the chosen venue, that witness is discounted for purposes of the

analysis." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236,

at *5 (E.D. Tex. Sept. 19, 2017) (citing *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)).

Here, almost none of the witnesses and evidence is located in or near this District.  Evidence and

witnesses relating to the accused semiconductor products will come from SEC in Korea.████████

██████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████   Although SEA has offices in Richardson, Texas, SEA's employees and documents at that facility will only provide marketing and sales information for consumer products.  Diaz Decl. at ¶ 6.  And SEA's documents in Richardson can be copied or accessed at SEA's New Jersey headquarters, which is much closer to Delaware than to this District.  *Id.*  Invensas's documents and witnesses are likely located at its San Jose, California headquarters.  Witnesses and documents relating to the ████████████████ are located in Korea with SEC or San Jose with Invensas and Mr. McElrea.  And none of the third parties are located within this District's subpoena power — the inventors and Mr. McElrea are located in the San Francisco–San Jose area, California and the Netherlands.  Exs. 20-36.

In sum, neither Delaware nor this District is clearly more convenient.  Nonetheless, Invensas cannot credibly claim that Delaware would be inconvenient for itself because, despite being located in San Jose, Invensas has filed four prior actions in Delaware based on the Asserted Patents, including the parallel Delaware Samsung Action.  The neutral outcome of the first three private factors should not therefore outweigh the judicial economy considerations and the parties' forum selection clauses, which compel transfer to Delaware.

## V.    CONCLUSION

In light of the District of Delaware's familiarity with the Asserted Patents and the parties' forum selection clauses, this action should be transferred to Delaware, where Samsung will seek assignment to Judge Sleet and consolidation with the parallel Delaware Samsung Action.

Dated: February 1, 2018                Respectfully submitted,


By: */s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants***
***Samsung Electronics Company, Ltd., and***
***Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 1st day of February, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On January 30, 2018, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated on January 31, 2018, that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith