**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INVENSAS CORPORATION, | |
| Plaintiff, | Civil Action No. 2:17-cv-670-RWS-RSP |
| v. | **FILED UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**INVENSAS CORPORATION'S RESPONSE TO DEFENDANTS' MOTION TO
TRANSFER UNDER 28 U.S.C. § 1404(a)**

RESTRICTED – ATTORNEYS' EYES ONLY

# TABLE OF CONTENTS

Page

I.    FACTS ...................................................................................................2

     A.    Invensas's Litigation Against Samsung ..................................................2

███  ████████████████████████████████████████████████████████████

II.   LEGAL STANDARD..................................................................................5

III.  THE EASTERN DISTRICT OF TEXAS IS THE PROPER VENUE FOR THIS
     ACTION .................................................................................................6

███  █████████████████████████████████████████████████████  ████████
████████████████████████████████████████████████████████████

     C.    Samsung Cannot Otherwise Meet Its Burden To Justify A Transfer ...................11
         1.    The Threshold Issue Regarding Whether Suit Could Have Been
             Brought In Delaware Is Not Met ................................................11
         2.    Judicial Economy Supports Transferring The Single Delaware
             Case To Texas—Not This Case To Delaware ...........................12
         3.    The Private Interest Factors Weigh Against Transfer................................13
         4.    The Public Interest Factors Weigh Against Transfer................................14

IV.   CONCLUSION.........................................................................................15

RESTRICTED – ATTORNEYS' EYES ONLY

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**CASES**

*Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tx.*,
    134 S. Ct. 568 (2013) ......................................................................................6, 14

*Beal Bank, SSD v. Lucks*,
    No. 14896, 2001 WL 220252 (Del. Ch. Feb. 20, 2001) ........................................6, 9

*Indus. Print Techs. LLC v. Canon U.S.A., Inc.*,
    Case No. 2:14-cv-00019, 2014 WL 7240050 (E.D. Tex. Dec. 19, 2014) ............6, 8

*Innovative Display Techs. LLC v. Microsoft Corp.*,
    Civil Action No. 2:13-cv-00783-JRG, 2014 WL 2757541 (E.D. Tex. Jun. 17,
    2014) ......................................................................................................................10

*MEC Res., LLC v. Apple Inc.*,
    269 F. Supp. 3d 218 (D. Del. 2017)......................................................................15

*Myers v. Myers*,
    408 A.2d 279 (1979) ...............................................................................................6

*Rovi Guides Inc. v. Comcast Corp.*,
    Case Nos. 2:16-CV-00321-RSP, 2:16-CV-00322-JRG-RSP, 2016 WL
    6217201 (E.D. Tex. Oct. 25, 2016)........................................................................11

*TC Heartland LLC v. Kraft Foods Group Brands, LLC*,
    137 S. Ct. 1514 (2017)............................................................................................2

*U.S. Ethernet Innovations, LLC v. Xerox Corp.*,
    No. 6:12-CV-237, 2014 WL 573213 (E.D. Tex. Feb. 11, 2014)......................11, 13

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
    Case No. 6:15-CV-1175-JRG, 2017 WL 959856 (E.D. Tex. Mar. 13, 2017) ........10

*In re Verizon Bus. Network Servs. Inc.*,
    635 F.3d 559 (Fed. Cir. 2011)................................................................................12

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) .................................................................................11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..............................................................................5, 6

RESTRICTED – ATTORNEYS' EYES ONLY

**STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................5, 11

RESTRICTED – ATTORNEYS' EYES ONLY

A plaintiff's choice of venue is entitled to great deference.  Plaintiff Invensas Corporation ("Invensas") chose to bring this patent action in the Eastern District of Texas because Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") have a substantial presence in this District.[1]  After the Court set an early trial date, however, Samsung filed this motion seeking to oust Invensas from its chosen venue. Samsung's motion has no merit—it is merely a tactic to stall the resolution of Invensas's infringement claims by transferring the case to a congested venue with slower case schedules.

Samsung cannot meet its significant burden of establishing good cause for a transfer. Samsung argues that Invensas's patent infringement claims implicate two agreements. ██████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████

         ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] Invensas also filed suit in Delaware the same day as this case, but that suit includes a different defendant that is not subject to suit in this District; different accused products; and only two of the five patents asserted in this case.

RESTRICTED – ATTORNEYS' EYES ONLY

████████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████

██████████████ it cannot otherwise satisfy even the threshold requirement for transfer, namely

to show that this action "might have been brought" in the transferee venue.  Invensas could not

have filed this action in Delaware due to the requirements of *TC Heartland LLC v. Kraft Foods*

*Group Brands, LLC*, 137 S. Ct. 1514 (2017).  This alone bars transfer.  But even if the Court

considers the public and private factors or judicial economy, they likewise do not substantially

weigh in favor of transfer.  The Court should accordingly deny Samsung's motion.

## I.   FACTS

### A.   Invensas's Litigation Against Samsung

Invensas filed this action for infringement of U.S. Patent Nos. 6,232,231 ("'231");

6,849,946 ("'946"); 6,054,336 ("'336"); 6,566,167 ("'167"); and 6,825,554 ("'554") (collectively

"patents-in-suit") on September 28, 2017.  Invensas has alleged willful infringement based solely

on its own disclosures to Samsung.  (Dkt. 1 at ¶¶ 27, 39, 54, 67, 78; Dkt. 52 at ¶¶ 28-29, 40-41,

55-56, 69-70, 80-81.)  Discovery is underway: both parties have exchanged initial disclosures and

Invensas served infringement contentions on January 29, 2018.  Trial is scheduled for February

2019.

Invensas brought its patent infringement suit against Samsung in this District to comply

with the requirements set forth in *TC Heartland*.  SEA, the entity responsible for the importing

and the "commercialization, sales, marketing, distribution, service, and repair" of the accused

Samsung devices, has a regular and established place of business in this District with offices in

Richardson, Texas.  (Mot. at 3.)  SEA is not incorporated in Delaware, and has no regular and

established place of business in Delaware.  (Mot. at 8.)

RESTRICTED – ATTORNEYS' EYES ONLY

Invensas also filed suit against SEC and Samsung Austin Semiconductor, LLC ("SAS") for infringement of the '231 and '946 patents in the District of Delaware ("Delaware case"). Invensas filed the two suits separately because, as a New York corporation with offices in Richardson, Texas, but not Delaware, venue would be proper for SEA in this Court but improper in Delaware.  (Dkt. 44 at 5-6.)  Similarly, despite SAS being based in Austin, Texas, it has no offices in the Eastern District of Texas, but because it is a Delaware limited liability company, venue in Delaware was proper.  (*See id.* at 5.)  Trial in Delaware is set for November 18, 2019, nine months after trial in this case.  (*See* Ex. 1 at 11.)

Invensas explained to Samsung that the Delaware case was filed because of venue requirements and the result of the Supreme Court's *TC Heartland* decision.  (*See* Gotts Decl. at ¶ 14.)  Invensas asked Samsung if it would consent to venue in this District so that the entirety of the Delaware case could be transferred here, but Samsung refused.  (*See id.*)

This action is part of a larger set of proceedings between the parties and their affiliates, including two actions in this District: (i) Invensas affiliates FotoNation Ltd. and DigitalOptics Corp. MEMS filed a separate action in this District that involves eight unrelated patents (Case No. 17-cv-00669-RWS); and (ii) Invensas affiliate Tessera Advanced Technologies, Inc. filed an action in this District on two other unrelated patents (Case No. 17-cv-00671-JRG).  Each of these cases involves different plaintiffs, different patents, and distinct technologies.  (*See* Ex. 2; Ex. 3.) Samsung seeks to transfer all three of Invensas's and its affiliates' Texas cases to Delaware.

RESTRICTED – ATTORNEYS' EYES ONLY

---

² All emphases in quotes are added, unless otherwise noted.

4

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

## II.   LEGAL STANDARD

Title 28 U.S.C. § 1404(a) gives a court discretion to transfer a case to another district where it might have been brought, for the convenience of parties and witnesses.  In the Fifth Circuit, if the threshold requirement that the suit could have been brought in the transferee venue is met, then both private factors ("(1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive") and public factors ("(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law [or in] the application of foreign law") are weighed to determine whether to transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  To ensure that the plaintiff's choice of venue is respected, the movant must show good cause—"[it] must satisfy the

RESTRICTED – ATTORNEYS' EYES ONLY

statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.*

When considering transfer based on a forum-selection clause, the Court must first determine if the forum-selection clause is valid and applicable. *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, Case No. 2:14-cv-00019, 2014 WL 7240050, at *1-2 (E.D. Tex. Dec. 19, 2014). If a contract that includes a forum-selection clause is unambiguous, "there is no room for interpretation or a search for the intent of the parties." *Beal Bank, SSD v. Lucks*, No. 14896, 2001 WL 220252, at *3 n.11 (Del. Ch. Feb. 20, 2001) (quoting *Myers v. Myers*, 408 A.2d 279 (1979)). Only if the forum-selection clause is valid and applicable may it be considered as a basis for transfer. *Indus. Print Techs.*, 2014 WL 7240050, at *1-2. Even if it is applicable, that is not the end of the inquiry. The Court would then alter its transfer analysis by giving the plaintiff's choice of venue no weight and considering only the public factors. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tx.*, 134 S. Ct. 568, 581-82 (2013).

## III.   THE EASTERN DISTRICT OF TEXAS IS THE PROPER VENUE FOR THIS ACTION

In the Fifth Circuit, the plaintiff's choice of venue is entitled to deference. *In re Volkswagen*, 545 F.3d at 314-15. Invensas's choice was to file this case in this District. Samsung acknowledges that doing so was proper. (Mot. at 8.) Samsung initially was content to litigate in this District: it answered on December 19, 2017, filed a joint motion for entry of a docket control order on January 25, 2018, and began discovery.[3] But once the Court set relatively fast trial dates in this and the other two Texas cases filed by Invensas's affiliates, Samsung reversed course and

---

[3] It also proceeded to litigate in the other two Texas cases. For example, it filed a motion to dismiss against FotoNation and DigitalOptics in December 2017 (FotoNation Dkt No. 22), and filed an answer to Tessera's complaint. (Tessera Dkt No. 21.)

RESTRICTED – ATTORNEYS' EYES ONLY

filed motions seeking to transfer these actions to the slower Delaware court.  Samsung claims it is motivated by a desire to avoid duplication between the cases.  (*Id.* at 7-8.)  But if that were true, it would have agreed to Invensas's proposal to transfer the Delaware case to Texas, to entirely eliminate a venue from the litigation between Samsung and Invensas's affiliates and to bring the Delaware case closer to SAS's Austin, Texas headquarters.

None of Samsung's arguments justifies a transfer.  First, Samsung's arguments regarding forum-selection clauses carry no weight.  ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████.  Second, the threshold requirement for a transfer is not met, as Invensas could not have filed this suit in Delaware.  This alone is dispositive.  Third, even if the remaining private and public interest factors are considered, they do not support transfer.  Nor do judicial economy concerns, which if anything favors transferring the Delaware case here.  Accordingly, Samsung's motion to transfer should be denied.

███   ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████.  This type of forum shopping is exactly what this Court recently warned against in another case:

[U]nless the contract [with the forum-selection clause] is fully engaged and at the

RESTRICTED – ATTORNEYS' EYES ONLY

very core of the dispute, the Court will not likely conclude that the facts fall within the scope of the contract.  This is especially true if the Court perceives that the party who ***asserts*** the forum-selection clause attempts to manufacture a contract dispute simply as a means to import the forum-selection clause into the case for venue purposes.  The Court will look with serious skepticism on parties that assert the forum-selection clause of an (otherwise ancillary) contract when the real dispute is clearly not wedded to the contract containing the forum-selection clause.

*Indus. Print Techs.*, 2014 WL 7240050, at *5 (Gilstrap, J.) (emphasis in original).

8



RESTRICTED – ATTORNEYS' EYES ONLY



When, as here, a plaintiff "makes it clear that it only seeks to recover damages and injunctive relief based on [defendant's] alleged infringement [that was unlicensed, s]uch claims do not arise under the License Agreement." *Innovative Display Techs. LLC v. Microsoft Corp.*, Civil Action No. 2:13-cv-00783-JRG, 2014 WL 2757541, at *6 (E.D. Tex. Jun. 17, 2014).

. This is true despite Samsung having in-hand Invensas's infringement contentions, which include the identification of accused products required by P.R. 3-1(b).

Samsung's skeletal accusations thus fall far short of the type of "colorable, factually specific arguments" for why accused products were licensed that this Court found sufficient to make a license defense non-frivolous. *Uniloc*

---

[4]  If Samsung had raised its concerns before filing its motion, Invensas could have amended its complaint sooner and the parties could have avoided burdening the Court with unnecessary briefing.

RESTRICTED – ATTORNEYS' EYES ONLY

*USA, Inc. v. Cisco Sys., Inc.*, Case No. 6:15-CV-1175-JRG, 2017 WL 959856, at *4 (E.D. Tex. Mar. 13, 2017) (Gilstrap, J.).

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  "Courts must be mindful, however, of extending a broadly-worded forum-selection clause too far, such that every subsequent dispute between contracting parties triggers a forum-selection clause when the agreement is raised as a defense." *Rovi Guides Inc. v. Comcast Corp.*, Case Nos. 2:16-CV-00321-RSP, 2:16-CV-00322-JRG-RSP, 2016 WL 6217201, at *3 (E.D. Tex. Oct. 25, 2016). ████████

███████████████████████████████████████████████████████████

### C.   Samsung Cannot Otherwise Meet Its Burden To Justify A Transfer

Samsung's attempt to justify a transfer by reference to the private and public factors under Section 1404 likewise fails—both as a threshold matter, and upon consideration of the public and private transfer factors.

#### 1.   The Threshold Issue Regarding Whether Suit Could Have Been Brought In Delaware Is Not Met

Samsung's transfer motion fails as a threshold matter because this case could not have been brought in Delaware against SEA.  A case cannot be transferred under § 1404(a) if it could not have been brought in the transferee venue.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  This is true even if judicial economy favors transfer.  *See U.S. Ethernet Innovations, LLC v. Xerox Corp.,* No. 6:12-CV-237, 2014 WL 573213, at *1 (E.D. Tex. Feb. 11, 2014) (considering threshold issue even though judicial economy favors transfer).  Here, Samsung concedes that under

*TC Heartland*, "venue would be improper as to SEA" in Delaware.  (Mot. at 8.)  Samsung's only argument to overcome this fatal issue is that SEA gave consent to be sued in Delaware via application of ████████████████████████████████████████████ ████████████████████.  Because Invensas could not have sued SEA in Delaware, this alone prevents transfer to Delaware, making consideration of the remaining transfer factors unnecessary.

### 2.    Judicial Economy Supports Transferring The Single Delaware Case To Texas—Not This Case To Delaware

While failure to satisfy the threshold inquiry is enough to require denying Samsung's motion, its argument that judicial economy trumps actual consideration of the transfer factors fails as well.  Samsung asserts that judicial economy compels transfer and consolidation of the three Texas cases with the Delaware case.  (Mot. at 7-8, 9-11.)  Samsung argues that because two of the five patents-in-suit have been previously substantively litigated in Delaware, it makes sense to transfer this entire case to Texas, and, indirectly, to transfer the other two Texas cases as well.  (*Id.* at 9-11.)  But a court's prior familiarity with the issues in a case does not compel transfer to that court.  *See In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) ("To interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a). . . .  [W]e deem the Eastern District's previous claim construction in a case that settled more than five years before the filing of this lawsuit to be too tenuous a reason to support denial of transfer.").  In this particular instance, the only Delaware District Judge Samsung identifies who has substantive experience with any of the patents-in-suit is Senior Judge Sleet, who presided over a case involving only two of the patents-in-suit that ended nearly four years ago.[5]  (Mot. at 3-4, 10.)  Judge Sleet is retiring

---

[5] As for the '946 and '231 patents, which are at issue in the current Delaware case, Samsung acknowledges that no substantive proceedings on those patents have ever taken place in

12

this fall.  (Ex. 5.)  Accordingly, it is highly unlikely that Samsung will succeed in having this case assigned to Judge Sleet, as it stated it would seek to do (Mot. at 1), especially since the current Delaware case is not assigned to him.  The fact that Judge Sleet will be unavailable to preside over this case should it be transferred to Delaware is certainty not a scenario in which judicial economy compels transfer.  *See, e.g.*, *U.S. Ethernet Innovations*, 2014 WL 573213, at *3 (denying transfer despite a judge in the transferee district having prior experience with the patents-in-suit).

Judicial economy would be better served by transferring the Delaware case to Texas.  This case is broader than the Delaware case (with five patents in suit vs. two in Delaware), and there are three cases pending in this District (vs. one in Delaware).  This is the hub of the parties' disputes with each other; Delaware is only involved because SAS could not be sued here.  If the only Delaware case was transferred to Texas with the three pending cases, it would eliminate any need for the Delaware court to expend judicial resources.  Samsung agrees that "[j]udicial economy interests therefore compel transferring . . . the Delaware Samsung Action."  (Mot. at 8.)  Yet Samsung refuses to consent to such a transfer.  Therefore, it is evident that forum shopping, not judicial economy, drives Samsung's position.

### 3.    The Private Interest Factors Weigh Against Transfer

But even if the Court considers the private factors, they also weigh against transfer.  With respect to the factor regarding sources of proof, Samsung admits that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (Dkt. 44 at 5-6.)  And Samsung concedes that SEA documents may be found at its Richardson, Texas office.  (Mot. at 15.)  With respect to the two factors regarding witnesses, both Invensas and Samsung have identified multiple witnesses, including third-party witnesses, located in Texas, where they would be subject to the

---

Delaware.  (Mot. at 10-11.)  Accordingly, the Delaware court has no prior familiarity with those patents or the remaining patent-in-suit in this action.

RESTRICTED – ATTORNEYS' EYES ONLY

subpoena power of this Court for attendance at trial, and would incur less cost in attending trial. (*See* Ex. 4 at 11-12; Ex. 6 at 7.)  In contrast, neither Invensas nor Samsung has identified a single relevant document or witness in Delaware.  With respect to the final factor, in addition to the judicial economy issues discussed above, discovery has already begun and Invensas has already expended considerable resources to comply with this Court's Patent Rule 3-1 and 3-2 disclosures. The parties should not have to re-litigate everything and start over in Delaware.  Accordingly, on balance, the private factors weigh against transfer.

### 4. The Public Interest Factors Weigh Against Transfer

The public interest factors also weigh against transfer.[6]  The first factor, administrative difficulties flowing from court congestion, weighs heavily against transfer.  Samsung's selective citation to the relative caseloads between Delaware and this Court is extremely misleading, as the majority of the 2014-17 period it cites to was pre-*TC Heartland*.  Post-*TC Heartland*, Delaware has been inundated with hundreds more newly filed patent infringement cases compared to this District, which is likely due to Delaware's popularity as a state of incorporation.  (*Compare* Ex. 7, *with* Ex. 8; *see also* Ex. 9, Karen Keller and David Fry, *District of Delaware's Bench In The Wake Of TC Heartland*, Law360, August 23, 2017, *at* https://www.law360.com/articles/953718/district-of-delaware-s-bench-in-the-wake-of-tc-heartland (describing the overburdened Delaware docket in the wake of *TC Heartland*); Ex. 10 Ryan Davis, *Delaware Booming, Texas Fading As TC Heartland Takes Hold*, Law360, September 21, 2017, *at* https://www.law360.com/articles/965982/delaware-booming-texas-fading-as-tc-heartland-takes-hold (finding post-*TC Heartland* filings in Delaware double those in Texas).)  Moreover, not only

---

[6] Even if a forum-selection clause applied—and they do not—the public factors must be considered.  *Atl. Marine*, 134 S. Ct. at 582.

RESTRICTED – ATTORNEYS' EYES ONLY

are there significantly more patent cases being filed in Delaware, but there are also dozens of active patent cases being transferred out of this District, which reduces congestion in this District.  (*See* Ex. 11.)  The situation has been exacerbated by the fact that only two of the four positions for Article III judges in Delaware are currently filled, and the District of Delaware has had to resort to having "judges from other busy districts sitting as visiting judges to help address the busy docket until new district court judges are sworn."  *MEC Res., LLC v. Apple Inc.*, 269 F. Supp. 3d 218, 227 (D. Del. 2017) (*sua sponte* raising the issue of court congestion and finding transfer warranted because of the limited resources in Delaware).  And it will undoubtedly get worse once Judge Sleet retires, as the Delaware court has already begun the process of reassigning some of his civil cases. (Ex. 5.)  And unlike the typical case, where any difficulties are speculative, congestion issues are already impacting the current Delaware case filed by Invensas against Samsung.  Not only is the Delaware trial set nine months after trial in this case, despite dealing with three fewer patents, but a trial judge has yet to even be assigned to the case even though it has been pending nearly half a year.  The case has been assigned to a vacant judgeship.  (Ex. 12.)

Factor two ("the local interest in having localized interests decided at home") also weighs against transfer, as the only district at issue in which a party has offices is this District, with SEA's Richardson, Texas office.  The remaining factors are neutral, and familiarity with Delaware law is unneeded given the agreements' inapplicability.  Given the congestion issues in Delaware, the public factors justify denying transfer regardless of whether a forum-selection clause would apply.

## IV.   CONCLUSION

For the reasons set forth above, Samsung's motion should be denied.

Respectfully submitted,

RESTRICTED – ATTORNEYS' EYES ONLY

Dated: February 16, 2018
<div style="margin-left:40%;">

*/s/ Lawrence J. Gotts by permission Andrea Fair*
Matthew J. Moore
E-mail: Matthew.Moore@lw.com
Lawrence J. Gotts
E-mail: Lawrence.Gotts@lw.com
Alan M. Billharz
E-mail: Alan.Billharz@lw.com
David A. Zucker
E-mail: David.Zucker@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Clement J. Naples
E-mail: Clement.Naples@lw.com
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022-4834
(212) 906-1200

Amit Makker
E-mail: Amit.Makker@lw.com
Brian W. Lewis (pro hac vice)
E-mail: Brian.W.Lewis@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095

Joseph H. Lee
E-mail: Joseph.Lee@lw.com
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: 714-540-1235
Fax: 714-755-8290

T. John Ward
Texas State Bar No. 20848000
E-mail: tjw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
</div>

<div style="text-align:center;">16</div>

RESTRICTED – ATTORNEYS' EYES ONLY

Andrea Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

***Attorneys for Plaintiff Invensas Corporation***

RESTRICTED – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 15th day of February, 2018.

*/s/ Andrea Fair*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above exhibit should be filed under seal because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 46).

*/s/ Andrea Fair*

RESTRICTED – ATTORNEYS' EYES ONLY