**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Civil Action No. 2:17-cv-670 [RWS/RSP]<br><br>FILED UNDER SEAL<br><br>CONTAINS INFORMATION DESIGNATED "RESTRICTED - ATTORNEYS' EYES ONLY"<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO SEVER AND STAY PROCEEDINGS FOR THE '231 AND '946 PATENTS

"When a plaintiff brings similar suits in two different districts, the court must consider" taking measures to "increase judicial economy and decrease the risk of inconsistent adjudication" between the two suits. *Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08–CV–112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009). Invensas knowingly disregarded this well-understood principle by filing actions in Delaware and this Court against Samsung based on the same '231 and '946 Patents as part of a litigation campaign that includes seven actions. Invensas defends its filing of two parallel actions based on self-serving statements from its amended complaint, which represents that the two actions concern different products. But Invensas's amended complaint, filed just hours before its opposition, is contradicted by its other pleadings. And even accepting as true Invensas's representation that *some* infringement issues in the two actions differ, all other issues — such as claim construction and invalidity — remain identical. Samsung therefore requests that this Court either grant Samsung's concurrent motion to transfer this action to Delaware (D.I. 43), or, alternatively, grant this motion to sever and stay proceedings for the '231 and '946 Patents.[1]

I.  **Invensas's Representations Are Belied By Its Pleadings, Contradict Indisputable Facts, And Even If True, Do Not Overcome Judicial Economy Concerns**

Although Invensas's opposition considers three legal doctrines — severance and stay, the first-to-file rule, and the customer-suit exception — its argument under each doctrine is based on the same representation that this action and the Delaware action accuse different products of infringing the '231 and '946 Patents. Invensas represents that this action concerns semiconductor chips used in consumer products that SEA sells in the United States, while the Delaware action concerns different semiconductor chips that SAS manufactures and exports abroad. D.I. 53 at 7-

---

[1] Invensas's charge that Samsung only considered this motion recently after receiving a faster schedule in this District versus Delaware is false. D.I. 53 at 1 n.1. As Invensas knows, Samsung proposed, and Invensas rejected, transfer to Delaware on October 6, 2017, and the "slower" Delaware case schedule was Invensas's own proposal. Berliner Decl. ¶ 2, Ex. 22 at 13-14.

1

8. Invensas concludes that the two actions are therefore dissimilar, so the Court should not sever and stay proceedings as to the '231 and '946 Patents. *Id*. Invensas is wrong for two reasons.

First, Invensas's representation is false. Tellingly, its two original complaints are verbatim in their allegations for the '231 and '946 Patents, with both asserting that Samsung infringes because its "Galaxy S6, S7, and S8" smartphones use "Exynos processors." *Compare* Ex. 8[2] at ¶¶ 14-39, *with* D.I. 1 at ¶¶ 18-42. Likewise, Invensas's infringement contentions for this action, served on January 29, do not differentiate between the activities of the Samsung defendants (SEC, SEA, SAS) or limit the accused products to only those that SEA sells in the U.S. *Id*.

Departing from these prior allegations, Invensas filed an amended complaint just hours before its opposition that contrives differences between the actions based on the accused products. D.I. 52 at ¶ 18. For the Delaware action, Invensas represents that it concerns only "SAS's foreign sales" of semiconductor chips (such as Exynos processors) "for foreign-only use," and not consumer products in the U.S. *Id*.; D.I. 53 at 7-8. For this action, by contrast, Invensas states that "Samsung smartphones sold in the United States do ***not*** use an Exynos processor" and thus, it is accusing only U.S. smartphones with "non-Exynos semiconductor chips." D.I. 53 at 3, 7 (emphasis original). But these new representations are contradicted by Invensas's other pleadings: both its Delaware complaint and infringement contentions in this action accuse Galaxy S6, S7, and S8 smartphones using Exynos processors and both also allege that Samsung infringes by "importing" these products into the U.S. Ex. 8 at ¶¶ 15, 16, 29; Ex. 17 at 3-4. Thus, Invensas is accusing the same products and activities in both actions. Invensas's new representations are also false: documents that Samsung produced to Invensas weeks before its opposition show that some Galaxy S6 smartphones sold in the U.S. use Exynos processors. Ex. 18.

---

[2] Unless otherwise noted, "Ex." refer to exhibits to supporting declarations of Brian Berliner.

Second, Invensas's new representations at most suggest that some infringement issues may differ between the two actions. But all other issues will remain identical. In particular, allowing both actions to proceed would require both this Court and the Delaware court to: (1) become familiar with the same technology; (2) decide identical claim construction issues; (3) decide identical invalidity issues; (4) resolve Invensas's willfulness claims; (5) resolve Samsung's license defense; and (6) decide identical damages issues, including the reasonable royalty rate.[3] Indeed, Invensas has acknowledged the overlap between the two actions by offering to consolidate them in this Court and agreeing to a Discovery Order that allows the parties to re-use discovery between the two actions. D.I. 53 at 1 n.1, 5. Given the overlap for nearly all issues, the first-to-file rule's requirements are met because the rule applies when the "core issues substantially overlap, but the core issues do not need to be identical." *Tex. Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). The rule does not require "complete overlap of parties, claims, or products" as Invensas erroneously states. D.I. 53 at 9-11. Accordingly, in *SIPCO, LLC v. Emerson Electric Co.*, this District faced similar facts in which a plaintiff asserted related patents against a defendant first in Georgia and then this District, but opposed transfer to Georgia because "the accused products differ between the Texas action and the Georgia action." No. 6:15-cv-907, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016). This District nonetheless granted transfer, finding that while "accused products in one action . . . are not present in the other . . . that does not preclude a finding of substantial overlap" given the other identical issues. *Id.* Invensas may

---

[3] The other requirements of the first-to-file rule are also met. Although Invensas argues that the parties are not "similar" because SEC and SEA are parties in this action versus SEC and SAS in Delaware (D.I. 53 at 10), affiliated entities are "similar" parties for the purposes of the first-to-file rule. *E.g.*, *Microchip Tech., Inc. v. United Module Corp.*, No. CV-10-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011). Invensas also notes that the asserted patents are different in the two actions because this action includes three patents beyond the '231 and '946 Patents. D.I. 53 at 10. But Samsung is only seeking severance and stay for the '231 and '946 Patents.

3

distinguish *SIPCO* on grounds that each of Invensas's actions has a different defendant (SEA versus SAS). But SEC is a parent of both SEA and SAS and a party to both actions. And Invensas has not shown or even alleged that it cannot obtain full relief from SEC in one of its two actions.

## II. Delaware Is A More Convenient Forum For Litigating Invensas's Claims

Contrary to Invensas's charge that "Samsung ignores the 'convenience' factor," Samsung's motion showed that Delaware is a more convenient forum. D.I. 44 at 10-13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ By contrast, SEA (a defendant in only this action) has no such involvement in the design or manufacture of the accused semiconductor products and thus cannot provide any evidence relevant to Invensas's infringement claims.

Invensas fails to address these points and instead attempts to distinguish the customer-suit exception on the grounds that SEC, SEA, and SAS are all affiliates, so none has a greater interest in defending against Invensas's claims. D.I. 53 at 13. Samsung's motion already acknowledged this point, but the facts are nevertheless analogous to the typical customer-suit situation, with ▮▮▮▮▮▮▮▮▮▮▮▮ defending in Delaware and SEA, a downstream entity, defending this action. D.I. 44 at 10. Because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the Delaware action should take precedence.

Invensas argues that this case is comparable to *Kahn*, *DSS*, and *Mirror Worlds* that declined to apply the customer-suit exception. D.I. 53 at 13-14. But *DSS* and *Mirror Worlds* each involved only a single action filed in this District against both the manufacturers and customers. *DSS Tech. Mgmt., Inc. v. Intel Corp.*, No. 6:15-CV-130, 2015 WL 12806514, at *1-3 (E.D. Tex. Nov. 12, 2015); *Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at *1-3 (E.D. Tex. Sept. 29, 2014). Thus, the considerations that motivate this motion — inefficiency and

4

risk of inconsistent outcomes that result from parallel actions in two districts — did not exist in those cases. In *Kahn*, there were two actions in two districts, but the actions were against two unaffiliated entities, GM and Motorola. *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989). By contrast here, Invensas's parallel actions force the same entity (SEC) and its subsidiaries (SEA and SAS) to litigate overlapping claims in separate actions, which is indisputably wasteful. On similar facts in *Modavox, Inc. v. AOL LLC*, a California court transferred an action to New York where the plaintiff had filed a pending action "involv[ing] the same patents and similar technology against a subsidiary of Defendants" because "litigating two cases in the same forum . . . entail[s] less expense than litigating two separate cases in widely separated forums." No. CV 08–05914 SJO (PJWx), 2009 WL 8548648, at *6-7 (C.D. Cal. Apr. 14, 2009).

Invensas also argues that this District is more convenient because SEA has an office in Richardson, Texas, and the parties' initial disclosures identify a few potential witnesses located in Texas. D.I. 53 at 12. But SEA's headquarters is in New Jersey, which is closer to Delaware, and the Texas witnesses in the initial disclosures are in Austin, outside of this Court's subpoena power. D.I. 54, Exs. 6, 7; D.I. 48-18 (Diaz Decl.) at ¶ 3; Ex. 19. The initial disclosures also identify several witnesses located in Delaware or nearby states. Exs. 20-21. There is also no merit to Invensas's contention that this motion should be denied because "Samsung has to litigate the remaining three patents in this case in this District, regardless of whether the '231 and '946 claims are severed and stayed." D.I. 53 at 12. Litigating three unrelated patents does not create inefficiencies given the different issues that they will present. Indeed, the initial disclosures show that most of the potential witnesses are patent-specific and thus not overlapping. Exs. 20-21.

### III. Conclusion

To prevent duplicative parallel proceedings, the Court should either grant Samsung's concurrent motion to transfer, or sever and stay Invensas's claims for the '231 and '946 Patents.

5

Dated: February 23, 2018

Respectfully submitted,

By: */s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 23, 2018.

*/s/ Michael O'Donnell*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ryan K. Yagura*