**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INVENSAS CORPORATION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>**Defendants.** | Civil Action No. 2:17-cv-670 [RWS/RSP]<br><br>**FILED UNDER SEAL**<br><br>**CONTAINS INFORMATION DESIGNATED "RESTRICTED - ATTORNEYS' EYES ONLY"**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

Samsung's motion showed that two considerations compel transferring this action to Delaware: (1) [redacted] and (2) judicial economy in light of prior and ongoing litigations in Delaware involving the asserted patents. [redacted] And Invensas scarcely addresses judicial economy, even while making arguments on the private and public factors that are obviated or far outweighed by the forum selection clauses and judicial economy considerations that compel transfer to Delaware.[1]

[redacted]

[redacted] This Court has squarely held a counterclaim of breach is not required to trigger a license's forum selection clause because "[p]atent infringement disputes do arise from license agreements" and "any patent license agreement[] necessarily covers disputes concerning patent issues." *Rovi Guides, Inc. v. Comcast Corp.*, No. 2:16-CV-00321-RSP, 2016 WL 6217201, at *4 (E.D. Tex. Oct. 25, 2016) (citing *Tex. Inst. Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1331 (Fed. Cir. 2000)). Here, Samsung has pled a license defense. D.I. 24 at ¶¶ 92-93.

---

[1] Invensas's charge that Samsung only considered transfer in the past month after receiving a faster schedule in this District versus Delaware is false. D.I. 55 at 1, 6-7. As Invensas knows, Samsung proposed, and Invensas rejected, transfer to Delaware on October 6, 2017. Berliner Decl. ¶ 2.

[redacted]

[2] Unless otherwise noted, "Ex." refer to exhibits to supporting declarations of Brian Berliner.

3

[page contents fully redacted]

Case 2:17-cv-00670-RWS-RSP   Document 64   Filed 02/26/18   Page 4 of 8 PageID #: 2235



**III. Judicial Economy Considerations Compel Transfer To Delaware**

Invensas barely addresses judicial economy, other than to note in passing that the prior *Renesas* action in Delaware ended years ago and Judge Sleet, who presided over the *Renesas* action, recently announced that he is retiring in fall 2018. D.I. 55 at 12-13. But in *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, this District granted transfer to the Northern District of California because the asserted patents had been litigated there in an action that ended more than two years earlier. No. 6:09-cv-448, 2010 WL 2771842, at *6 (E.D. Tex. July 13, 2010). And Judge Sleet's future retirement is legally irrelevant. In *U.S. Ethernet Innovations, LLC v. Xerox Corp.*, a Northern District of California judge who had previously construed the asserted patents retired shortly after the action in this District was filed. No. 6:12–CV–237, 2014 WL 573213, at *3 (E.D. Tex. Feb. 11, 2014). Although this District denied transfer to California for other reasons, it found the retired California judge's prior experience favored transfer because in deciding transfer, courts consider "judicial economy benefits which would have been apparent ***at the time the suit was filed***," and "at the time this case was filed, this Court had relatively less familiarity with the technology than the Northern District of California." *Id.* (emphasis added). At the time Invensas filed this action in September 2017, Judge Sleet had not announced his future retirement.

Invensas also fails to address the judicial inefficiencies that result from having this action

and its action against Samsung in Delaware proceed in parallel. There is no dispute that transferring this action to Delaware would resolve these inefficiencies.

**IV. The Forum Selection Clauses And Judicial Economy Are Determinative**

Invensas's remaining arguments are refuted by the forum selection clauses and judicial economy considerations. First, Invensas's contention that the threshold issue of proper venue in Delaware is not met rests on the incorrect premise that the [REDACTED] [REDACTED] And this District has consistently held that actions could have been brought in venues designated in forum selection clauses. *E.g.*, *Weber Aircraft, L.L.C. v. Krishnamurthy*, No. 4:12CV666, 2013 WL 1898280, at *10 (E.D. Tex. Apr. 12, 2013).

Second, Invensas notes that SAS and a few witnesses listed in Samsung's initial disclosures are located in Texas. D.I. 55 at 13-14. But where, as here, [REDACTED] is triggered, a court should not consider the private factors. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013). At any rate, SAS is a Delaware corporation, and its facilities in Austin, Texas are outside of this Court's subpoena power. Ex. 58. Samsung's initial disclosures also identify several witnesses in Delaware or in nearby states. Ex. 56.

Third, Invensas argues that Delaware is congested and points to the "slower" case schedule in the parallel Delaware action in support. D.I. 55 at 15. But Invensas omits that the "slower" case schedule was its own proposal that the Delaware court adopted over Samsung's proposal. Ex. 57 at 13-14. And Congress is expected to appoint two new district judges in Delaware as early as next month. Ex. 59. Regardless, Invensas fails to cite a single case in which court congestion outweighed a forum selection clause in deciding transfer.

**V. Conclusion**

The [REDACTED] and judicial economy interests compel transfer to Delaware.

Dated: February 23, 2018

Respectfully submitted,

By: */s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 23, 2018.

*/s/ Michael O'Donnell*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ryan K. Yagura*