**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>    *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>      *Defendants*. | Case No. 2:17-cv-00670 [RWS/RSP]<br><br>**Filed Under Seal**<br><br>**Contains Information Designated<br>"Restricted - Attorneys' Eyes Only"**<br><br>**Jury Trial Requested** |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA,
INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Company, Ltd. ("SEC") and Samsung Electronics

America, Inc. ("SEA") (collectively, "Samsung"), by and through the undersigned attorneys, for

their First Amended Answer and Affirmative Defenses to the First Amended Complaint for

Patent Infringement filed on February 16, 2018 ("Complaint") by Plaintiff Invensas Corporation

("Plaintiff") admit and deny as follows.  Except as hereinafter specifically admitted, qualified, or

affirmatively alleged, Samsung denies each and every allegation, matter, or thing contained in

the Complaint and states in response to each of the numbered paragraphs of said Complaint as

follows:

**<u>NATURE OF THE ACTION</u>**

1.  Samsung admits that Plaintiff's Complaint states that this is a civil action for

alleged infringement of U.S. Patent Nos. 6,232,231 (the "'231 Patent"); 6,849,946 (the "'946

Patent"); 6,054,336 (the "'336 Patent"); 6,566,167 (the "'167 Patent"); and 6,825,554 (the "'554

Patent") (collectively, the "Asserted Patents").  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 1, and specifically denies that it has committed or is committing any act of patent infringement.

## THE PARTIES

2.     Samsung is without information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis Samsung denies them.

3.     Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

4.     Samsung admits that SEA is a wholly-owned subsidiary of SEC and is incorporated under the laws of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that SEA maintains a registered agent called The Corporation Trust Company, located at 111 Eighth Avenue, New York, New York 10011.

5.     Samsung admits that SEC and SEA are related entities in that SEA is a wholly owned subsidiary of SEC.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 5, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## JURISDICTION AND VENUE

6.     Samsung admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 6 and specifically denies that it has committed or is committing any act of patent infringement.

7.      Samsung admits, for purposes of this action only, that this Court has specific personal jurisdiction over Samsung.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 7, and specifically denies that it has committed or is committing any act of patent infringement.

8.      Samsung expressly reserves all rights to contest whether the Eastern District of Texas is a proper and convenient forum under, among others, the doctrine of *forum non conveniens*, particularly in light of the fact that, on the same day that this action was filed, Plaintiff also sued SEC on the '231 and '946 Patents in the District of Delaware, and to seek appropriate relief, including transfer.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 8.

9.      Samsung admits, for purposes of this action only, that venue in this Court is proper as to SEA, although Samsung expressly reserves the right to contest whether the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*.  Samsung admits that SEA has an office located at 1301 East Lookout Drive, Richardson, Texas 75082 and that said office is located in Collin County.  Samsung admits that SEA employs full-time personnel, including engineers and senior managers, in that office. Except as expressly admitted, Samsung denies each and every allegation in Paragraph 9, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## THE ASSERTED PATENTS

10.      Samsung admits that the '231 Patent bears the title of "Planarized Semiconductor Interconnect Topography And Method For Polishing A Metal Layer To Form Interconnect," states that it issued on May 15, 2001, and lists on its face the alleged inventors Anantha R.

Sethuraman and Christopher A. Seams.  Samsung is without information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 10, and on that basis Samsung

denies them.

11.     Samsung admits that the '946 Patent bears the title of "Planarized Semiconductor

Interconnect Topography And Method For Polishing A Metal Layer To Form Interconnect,"

states that it issued on February 1, 2005, and lists on its face the alleged inventors Anantha R.

Sethuraman and Christopher A. Seams.  Samsung is without information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 11, and on that basis Samsung

denies them.

12.     Samsung admits that the '336 Patent bears the title of "Method Of Manufacturing

An Electronic Device," states that it issued on April 25, 2000, and lists on its face the alleged

inventors Hermanus L. Peek and Daniel W.E. Verbugt.  Samsung is without information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that

basis Samsung denies them.

13.     Samsung admits that the '167 Patent bears the title of "PBGA Electrical Noise

Isolation Of Signal Traces," states that it issued on May 20, 2003, and lists on its face the alleged

inventors Wee K. Liew, Aritharan Thurairajaratnam, and Nadeem Haque.  Samsung is without

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

13, and on that basis Samsung denies them.

14.     Samsung admits that the '554 Patent bears the title of "PBGA Electrical Noise

Isolation Of Signal Traces," states that it issued on November 30, 2004, and lists on its face the

alleged inventors Wee K. Liew, Aritharan Thurairajaratnam, and Nadeem Haque.  Samsung is

without information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 14, and on that basis Samsung denies them.

## <u>CLAIMS FOR ALLEGED PATENT INFRINGEMENT</u>

15.     Paragraph 15's statements are not factual allegations, and accordingly Samsung is

not required to provide responses.  To the extent that Paragraph 15's statements are considered

factual allegations, Samsung is without information sufficient to form a belief as to the truth of

those allegations, and on that basis Samsung denies them.

16.     Samsung admits that Plaintiff purports to identify accused products in Paragraph

16.  Except as expressly admitted, Samsung denies each and every allegation set forth in

Paragraph 16, and Samsung specifically denies that it has committed or is committing any act of

patent infringement.

17.     

18.     Samsung admits that prior to the filing of this action Plaintiff has sued Samsung

affiliates, SEC and Samsung Austin Semiconductor, LLC, in another judicial district, specifically

the District of Delaware, alleging infringement of the '231 and '946 Patents.  Samsung admits

that it has refused Invensas's request to allow the parallel Delaware action to be transferred to

this District, and avers that Invensas has also refused Samsung's request to transfer this action to

the District of Delaware.  Except as expressly admitted, Samsung denies each and every

allegation set forth in Paragraph 18, and Samsung specifically denies that it has committed or is

committing any act of patent infringement and Invensas's characterization of the Delaware

action as accusing components that are not used, imported, offered for sale and/or sold in

Samsung end products within the United States during the terms of the '231 and '946 Patents.

**COUNT I**
**ALLEGED INFRINGEMENT OF THE '231 PATENT**

19.     Samsung incorporates by reference its responses to Plaintiff's allegations in

Paragraphs 1 through 18 as if specifically set forth herein.  Except as expressly admitted,

Samsung denies each and every allegation in Paragraph 18.

20.     Samsung denies each and every allegation set forth in Paragraph 20, and

specifically denies that it has committed or is committing any act of patent infringement.

21.     Samsung admits that Claim 1 of the '231 Patent recites in the preamble a "method

for providing a substantially planar semiconductor topography which extends above a plurality

of electrically conductive features that form an integrated circuit" and that the accused Samsung

end consumer products, including the Galaxy S6, S7, S8, and Note 8, include certain

semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation

set forth in Paragraph 21, and specifically denies that it has committed or is committing any act

of patent infringement.

22.     Samsung admits that part of Claim 1 of the '231 Patent recites "etching a plurality

of laterally spaced dummy trenches into a dielectric layer between a first trench and a series of

second trenches" and that the accused Samsung end consumer products, including the Galaxy

S6, S7, S8, and Note 8, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 22, and specifically denies that it has committed or is committing any act of patent infringement.

23.    Samsung admits that part of Claim 1 of the '231 Patent recites "a lateral dimension of said first trench is greater than a lateral dimension of said second trenches." Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 23, and specifically denies that it has committed or is committing any act of patent infringement.

24.    Samsung admits that part of Claim 1 of the '231 Patent recites "filling said dummy trenches and said first and second trenches with a conductive material."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 24, and specifically denies that it has committed or is committing any act of patent infringement.

25.    Samsung admits that part of Claim 1 of the '231 Patent recites "polishing said conductive material to form dummy conductors exclusively in said dummy trenches and interconnect exclusively in said first and second trenches."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 25, and specifically denies that it has committed or is committing any act of patent infringement.

26.    Samsung admits that part of Claim 1 of the '231 Patent recites "said dummy conductors are electrically separate from said plurality of electrically conductive features and co-planar with said interconnect."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 26, and specifically denies that it has committed or is committing any act of patent infringement.

27.    Samsung denies each and every allegation set forth in Paragraph 27, and specifically denies that it has committed or is committing any act of patent infringement.

28.     Samsung denies each and every allegation set forth in Paragraph 28.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '231 Patent, or that Plaintiff disclosed the existence of the '231 Patent or allegedly infringing activities to Samsung in a form that is admissible into evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

29.     Samsung denies each and every allegation set forth in Paragraph 29, and specifically denies that it has committed or is committing any act of patent infringement.  In addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

30.     Samsung denies each and every allegation set forth in Paragraph 30, and specifically denies that it has committed or is committing any act of patent infringement.

31.     Samsung denies each and every allegation set forth in Paragraph 31, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT II
## ALLEGED INFRINGEMENT OF THE '946 PATENT

32.     Samsung incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 31 as if specifically set forth herein.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 32.

33.     Samsung denies each and every allegation set forth in Paragraph 33, and specifically denies that it has committed or is committing any act of patent infringement.

34.     Samsung admits that Claim 16 of the '946 Patent recites in the preamble "[a] substantially planar semiconductor topography."  Except as expressly admitted, Samsung denies

each and every allegation set forth in Paragraph 34, and specifically denies that it has committed or is committing any act of patent infringement.

35.     Samsung admits that part of Claim 16 of the '946 Patent recites "a plurality of laterally spaced dummy trenches in a dielectric layer, between a first trench and a series of second trenches" and that the accused Samsung end consumer products, including the Galaxy S6, S7, S8, and Note 8, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 35, and specifically denies that it has committed or is committing any act of patent infringement.

36.     Samsung admits that part of Claim 16 of the '946 Patent recites "each of the second trenches is relatively narrow compared to the first trench" and "a lateral dimension of at least one of the laterally spaced dummy trenches is less than a lateral dimension of the first trench and greater than a lateral dimension of at least one of the series of second trenches." Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 36, and specifically denies that it has committed or is committing any act of patent infringement.

37.      Samsung admits that part of Claim 16 of the '946 Patent recites "dummy conductors in said laterally spaced dummy trenches and electrically separate from electrically conductive features below said dummy conductors."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 37, and specifically denies that it has committed or is committing any act of patent infringement.

38.     Samsung admits that part of Claim 16 of the '946 Patent recites "conductive lines in said series of second trenches and said first trench, wherein upper surfaces of said conductive lines are substantially coplanar with dummy conductor upper surfaces."  Except as expressly

admitted, Samsung denies each and every allegation set forth in Paragraph 38, and specifically denies that it has committed or is committing any act of patent infringement.

39.     Samsung denies each and every allegation set forth in Paragraph 39, and specifically denies that it has committed or is committing any act of patent infringement.

40.     Samsung denies each and every allegation set forth in Paragraph 40.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '946 Patent, or that Plaintiff disclosed the existence of the '946 Patent or allegedly infringing activities to Samsung in a form that is admissible into evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

41.     Samsung denies each and every allegation set forth in Paragraph 41, and specifically denies that it has committed or is committing any act of patent infringement.  In addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

42.     Samsung denies each and every allegation set forth in Paragraph 42, and specifically denies that it has committed or is committing any act of patent infringement.

43.     Samsung denies each and every allegation set forth in Paragraph 43, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT III
## ALLEGED INFRINGEMENT OF THE '336 PATENT

44.     Samsung incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 43 as if specifically set forth herein.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 44.

45.     Samsung denies each and every allegation set forth in Paragraph 45, and specifically denies that it has committed or is committing any act of patent infringement.

46.     Samsung admits that Claim 1 of the '336 Patent recites in the preamble "method of manufacturing conductor tracks on an electronic device" and that part of Claim 1 recites "providing an electrically insulating substrate."  Samsung admits that certain of the accused Samsung end consumer products, including the Galaxy S6, S7, and S8, include LPDDR4 or LPDDR4X DRAM memory.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 46, and specifically denies that it has committed or is committing any act of patent infringement.

47.     Samsung admits that part of Claim 1 of the '336 Patent recites "providing a conductive layer on the substrate."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 47, and specifically denies that it has committed or is committing any act of patent infringement.

48.     Samsung admits that part of Claim 1 of the '336 Patent recites "forming a conductor pattern on the conductive layer by forming windows at the conductor layer."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 48, and specifically denies that it has committed or is committing any act of patent infringement.

49.     Samsung admits that part of Claim 1 of the '336 Patent recites "the step of forming the windows at the conductor layer comprising: providing a first dielectric layer adjacent the substrate and having a thickness."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 49, and specifically denies that it has committed or is committing any act of patent infringement.

50.     Samsung admits that part of Claim 1 of the '336 Patent recites "the step of forming the windows at the conductor layer comprising . . . forming auxiliary windows in the first dielectric layer having dimensions which are greater, in at least one dimension, than the windows to be formed at the conductor layer, the auxiliary windows having sidewalls which define a depth of the auxiliary windows which depth is only part of the thickness of the first dielectric layer."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 50, and specifically denies that it has committed or is committing any act of patent infringement.

51.     Samsung admits that part of Claim 1 of the '336 Patent recites "the step of forming the windows at the conductor layer comprising . . . providing an additional dielectric layer on the first dielectric layer including over the auxiliary windows formed in the first dielectric layer."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 51, and specifically denies that it has committed or is committing any act of patent infringement.

52.     Samsung admits that part of Claim 1 of the '336 Patent recites "the step of forming the windows at the conductor layer comprising . . . etching the additional dielectric layer back anisotropically without a mask to form spacers on the sidewalls of the auxiliary windows, which spacers are formed by unetched portions of the additional dielectric layer."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 52, and specifically denies that it has committed or is committing any act of patent infringement.

53.     Samsung admits that part of Claim 1 of the '336 Patent recites "the step of forming the windows at the conductor layer comprising . . . continuing etching anisotropically through the auxiliary window and the spacers to define the windows at the conductive layer."

Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 53, and specifically denies that it has committed or is committing any act of patent infringement.

54.     Samsung denies each and every allegation set forth in Paragraph 54, and specifically denies that it has committed or is committing any act of patent infringement.

55.     Samsung denies each and every allegation set forth in Paragraph 55.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '336 Patent, or that Plaintiff disclosed the existence of the '336 Patent or allegedly infringing activities to Samsung in a form that is admissible into evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

56.     Samsung denies each and every allegation set forth in Paragraph 56, and specifically denies that it has committed or is committing any act of patent infringement.

57.     Samsung denies each and every allegation set forth in Paragraph 57, and specifically denies that it has committed or is committing any act of patent infringement.

58.     Samsung denies each and every allegation set forth in Paragraph 58, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT IV
## ALLEGED INFRINGEMENT OF THE '167 PATENT

59.     Samsung incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 58 as if specifically set forth herein.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 59.

60.     Samsung denies each and every allegation set forth in Paragraph 60, and specifically denies that it has committed or is committing any act of patent infringement.

61.     Samsung admits that Claim 1 of the '167 Patent recites in the preamble "[a] method for fabricating a semiconductor package" and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 61, and specifically denies that it has committed or is committing any act of patent infringement.

62.     Samsung admits that part of Claim 1 of the '167 Patent recites "providing a 2-layer semiconductor substrate, the 2-layer substrate including a top layer and a bottom layer wherein the bottom layer includes an array of solder balls," and that the accused Samsung end consumer products, including the Galaxy S8, contain certain semiconductor packages that include a substrate.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 62, and specifically denies that it has committed or is committing any act of patent infringement.

63.     Samsung admits that part of Claim 1 of the '167 Patent recites "patterning signal traces on the top layer," and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages fabricated using a method that includes the step of patterning.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 63, and specifically denies that it has committed or is committing any act of patent infringement.

64.     Samsung admits that part of Claim 1 of the '167 Patent recites "identifying groups of signal traces to isolate."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 64, and specifically denies that it has committed or is committing any act of patent infringement.

65.      Samsung admits that part of Claim 1 of the '167 Patent recites "patterning a grounded isolation trace adjacent to one of the groups of traces to isolate the signal traces and thereby provide noise shielding."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 65, and specifically denies that it has committed or is committing any act of patent infringement.

66.      Samsung admits that part of Claim 1 of the '167 Patent recites "identifying a row of solder balls to be grounded," and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages fabricated using a method that includes a step of grounding certain solder balls.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 66, and specifically denies that it has committed or is committing any act of patent infringement.

67.      Samsung admits that part of Claim 1 of the '167 Patent recites "connecting the row of solder balls together and to ground to create a bottom-layer isolating ground trace." Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 67, and specifically denies that it has committed or is committing any act of patent infringement.

68.      Samsung denies each and every allegation set forth in Paragraph 68, and specifically denies that it has committed or is committing any act of patent infringement.

69.      Samsung denies each and every allegation set forth in Paragraph 69.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '167 Patent, or that Plaintiff disclosed the existence of the '167 Patent or allegedly infringing activities to Samsung in a form that is admissible into

evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

70.     Samsung denies each and every allegation set forth in Paragraph 70, and specifically denies that it has committed or is committing any act of patent infringement.  In addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

71.     Samsung denies each and every allegation set forth in Paragraph 71, and specifically denies that it has committed or is committing any act of patent infringement.

72.     Samsung denies each and every allegation set forth in Paragraph 72, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT V
## ALLEGED INFRINGEMENT OF THE '554 PATENT

73.     Samsung incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 72 as if specifically set forth herein.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 73.

74.     Samsung denies each and every allegation set forth in Paragraph 74, and specifically denies that it has committed or is committing any act of patent infringement.

75.     Samsung admits that Claim 1 of the '554 Patent recites in the preamble "package substrate having noise control," and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages that include a package substrate.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 75.

76.     Samsung admits that part of Claim 1 of the '554 Patent recites "at most two layers" and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages that include a package substrate.   Except as expressly admitted,

Samsung denies each and every allegation set forth in Paragraph 76, and specifically denies that it has committed or is committing any act of patent infringement.

77.     Samsung admits that part of Claim 1 of the '554 Patent recites "a plurality of signal traces on a first layer," and that the accused Samsung end consumer products, including the Galaxy S8, contain semiconductor packages that include a plurality of signal traces.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 77, and specifically denies that it has committed or is committing any act of patent infringement.

78.     Samsung admits that part of Claim 1 of the '554 Patent recites "at least one isolating ground trace on the first layer between two signal traces to provide noise shielding." Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 78, and specifically denies that it has committed or is committing any act of patent infringement.

79.     Samsung admits that part of Claim 1 of the '554 Patent recites "an array of solder balls on a second layer such that at least one row of solder balls is connected together and to ground to create a second-layer isolating ground trace."  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 79, and specifically denies that it has committed or is committing any act of patent infringement.

80.     Samsung denies each and every allegation set forth in Paragraph 80.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '554 Patent, or that Plaintiff disclosed the existence of the '554 Patent or allegedly infringing activities to Samsung in a form that is admissible into evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

81.     Samsung denies each and every allegation set forth in Paragraph 81, and specifically denies that it has committed or is committing any act of patent infringement.  In addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

82.     Samsung denies each and every allegation set forth in Paragraph 82, and specifically denies that it has committed or is committing any act of patent infringement.

83.     Samsung denies each and every allegation set forth in Paragraph 83, and specifically denies that it has committed or is committing any act of patent infringement.

## JURY DEMAND

84.     To the extent a response is required, Samsung admits that Plaintiff's Complaint contains a request for a jury trial.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

85.     To the extent a response is required, Samsung denies that Plaintiff is entitled to any of its requested relief.  Samsung specifically denies that it, directly or indirectly, literally or under the doctrine of equivalents, has infringed or is infringing any of the Asserted Patents; specifically denies that Plaintiff is entitled to any award of damages, compensatory or otherwise; specifically denies that it has willfully infringed any of the Asserted Patents; specifically denies that Plaintiff is entitled to attorneys' fees; specifically denies that Plaintiff is entitled to pre-judgment interest; specifically denies that Plaintiff is entitled to post-judgment interest; specifically denies that Plaintiff is entitled to an accounting and/or supplemental damages; specifically denies that Plaintiff is entitled to costs and expenses; and specifically denies that Plaintiff is entitled to any other relief in this action.

## GENERAL DENIAL

86.     To the extent that any allegations of the Complaint are not specifically admitted, Samsung hereby denies them.

## AFFIRMATIVE DEFENSES

87.     Without admitting or acknowledging that Samsung bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Samsung pleads the following defenses:

## FIRST DEFENSE

88.     Samsung has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

89.     The claims of each of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including at least sections 101, 102, 103, 112, and 116.

## THIRD DEFENSE

90.     Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

91.     Plaintiff is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

**FIFTH DEFENSE**

92.     Plaintiff's right to seek damages are limited by statute because it may not recover money damages for any alleged infringement committed more than six years prior to the filing of its Complaint under of 35 U.S.C. § 286.

**SIXTH DEFENSE**

93.     Plaintiff's claims for relief are barred or limited under the doctrines of exhaustion, first sale, implied license, full compensation, or restrictions against double recovery.

**SEVENTH DEFENSE**

94.     Plaintiff's claims of infringement by Samsung are barred or limited because Plaintiff has granted Samsung express licenses that cover the Asserted Patents and accused products.

95.     As one example, as part of a patent license agreement entered between Plaintiff and Samsung in January 2014, Plaintiff granted Samsung a license that encompassed the Asserted Patents and the products accused in Plaintiff's Complaint, and this license provides a complete defense to Plaintiff's asserted claims of infringement based on those products.

**EIGHTH DEFENSE**

96.     To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**NINTH DEFENSE**

97.     Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**TENTH DEFENSE**

98.     Plaintiff's claims are barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the Asserted Patents to mark relevant products as required by 35 U.S.C. § 287.

**ELEVENTH DEFENSE**

99.     To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of any Asserted Patents, Plaintiff's claims are barred by a lack of standing.

**TWELFTH DEFENSE**

100.     Plaintiff has failed to state a claim upon which relief can be granted.

**THIRTEENTH DEFENSE**

101.     To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred or limited by 28 U.S.C § 1498.

**FOURTEENTH DEFENSE**

102.     To the extent that Plaintiff seeks injunctive relief, it is not entitled to any injunctive relief at least because it has not suffered irreparable injury and has an adequate remedy at law.

**FIFTEENTH DEFENSE**

103.     Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful infringement, including because through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

## RESERVATION OF ADDITIONAL DEFENSES

104.    Samsung reserves the right to assert additional defenses that it learns of through discovery in this action.

## SAMSUNG'S PRAYER FOR RELIEF

105.    Having answered Plaintiff's Complaint and having asserted affirmative defenses, Samsung respectfully seeks the following relief:

a.   A judgment that Samsung has not infringed any of the Asserted Patents;

b.   A judgment that the Asserted Patents are invalid and/or unenforceable against Samsung;

c.   A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Samsung its attorneys' fees and prejudgment interest, and an award to Samsung of all of their costs of this action; and

d.   Such other relief as the Court shall deem just and proper.

## SAMSUNG'S DEMAND FOR A JURY TRIAL

106.    Samsung hereby demands a jury trial on all issues so triable.

Dated:  March 2, 2018

Respectfully submitted,

*/s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America,
Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 2, 2018.  Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

*/s/ Michael O'Donnell*
Michael O'Donnell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ryan K. Yagura*