## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:17-cv-670-RWS-RSP<br><br>**FILED UNDER SEAL**<br><br>**JURY TRIAL DEMANDED** |

**INVENSAS CORPORATION'S SUR-REPLY TO DEFENDANTS' MOTION TO SEVER
AND STAY PROCEEDINGS FOR THE '231 AND '946 PATENTS**

RESTRICTED – ATTORNEYS' EYES ONLY

Samsung has failed to provide any basis for severing and staying Invensas' infringement claims under the '231 and '946 patents. Samsung does not address, let alone dispute, that SEA's products contain chips that are ███████████████████████████████ and are accused of infringement *only in this action.* As Samsung well knows, these chips cannot and will not be adjudicated in the Delaware action. And far from contrived, as Samsung suggests, the two cases are necessary for Invensas to obtain complete relief, which cannot be obtained in either individual case.[1]

Rather than address these facts, which are plainly borne out by Invensas' infringement contentions, Samsung ignores them and focuses solely on the Exynos chip, which is an accused product in both cases. But even the Exynos cannot save Samsung because, while certain Exynos chips are accused of infringement in this case, *different* Exynos chips are accused in Delaware.

Samsung appears to be desperate to avoid this venue in favor of Delaware's much slower venue. But severing and staying this case would only delay—not obviate—the need to litigate in this District to resolve Invensas' claims against SEA. Accordingly, the Court should deny Samsung's motion for what it is, a delay tactic.[2]

---

[1] Invensas has been consistent about the distinct products in this case and the Delaware case. During the Delaware scheduling conference, which took place before Samsung filed its motion, Invensas' counsel explained that this case "is directed more to the products which are being imported and sold by SEA in the U.S." whereas the Delaware case is intended to reach chips made by SAS and used in Samsung's international phones not sold in the U.S. (Ex. 8 at 4:15-5:6.)

[2] As noted in Invensas' Response, Samsung is separately seeking to transfer this case to Delaware. (*See* Dkt. 43.) For the reasons set forth in Invensas' Response (Dkt. 55) and Sur-Reply (Dkt. 65) to Samsung's transfer motion, SEA could not and cannot be sued by Invensas in Delaware. Samsung has similarly sought to transfer two other cases brought in this venue by Invensas' affiliates to Delaware. (*See* Resp. at 2 n.3.) Samsung's *modus operandi* is clear. It seeks to avoid adjudication in this District through whatever it can contrive, regardless of merit.

RESTRICTED – ATTORNEYS' EYES ONLY

## I.   SAMSUNG'S MOTION SHOULD BE DENIED

### A.  Because The Cases Do Not Overlap, Severing And Staying Is Inappropriate

Unrestrained by the facts, Samsung continues to argue that the same products and activities are implicated in both actions.  This could not be further from the truth.  For instance, as set forth in Invensas' L.R. 3-1 Contentions, the Qualcomm Snapdragon 835, Samsung LPDDR4 DRAM, Qualcomm Audio Codec, and Samsung C3 Image Processor are all accused products in this case. (*See* Resp. Ex. 4 at 3-4.)  ***None*** of them is accused in Delaware, and Samsung does not assert that any ███████████████████████████████.[3]   Thus, Invensas' claims against SEA regarding these products and other products containing ████████  will not be litigated, let alone resolved, in Delaware.

Rather than acknowledging the differences in accused products and activities between the two cases, Samsung focuses only on the Exynos processor and Invensas' now-irrelevant original Complaint in search of any possible (unintended) overlap between the two cases.  (*See* Reply at 2.)   But as Invensas made clear in its Response and Amended Complaint, any product incorporating an ██████████████  would only be at issue in this case if it is imported into or sold in the U.S., in which case it would ***not*** be accused in Delaware.[4]  (*See* Resp. at 7-8; Dkt. 52 at ¶¶ 18, 20, 33.)   To the contrary, the Delaware case is narrowly circumscribed to capture accused chips, such as the Exynos processor, ██████████  that do not make their way into

---

[3] Similarly, Samsung does not dispute that Galaxy S7 and S8 phones intended for sale in the U.S., which are accused in this case, do not contain ████████ Exynos processors and thus cannot and will not be addressed in Delaware.

[4] While U.S.-sold Galaxy S6s may use an Exynos processor, consistent with the division of the two cases, an infringing S6 sold in the U.S. is only accused in this case and not Delaware. Similarly, to the extent there are any incidental U.S.-sales of international versions of Galaxy S7, S8, and Note8 phones with an Exynos processor, they would only be accused in this case and not Delaware.  Conversely, any ███████████ in Samsung phones sold internationally are only accused in Delaware and not this case.

RESTRICTED – ATTORNEYS' EYES ONLY

products sold by SEA in the U.S.  Thus, there is not a single act of infringement or a single device that would be accused of infringement in both this case and Delaware, let alone the substantial overlap of accused products and activities Samsung suggests.

Realizing the weakness of its primary argument, Samsung takes the fallback position that granting its motion will permit the Delaware court to resolve all issues other than infringement of the non-overlapping products.  (*See* Reply at 3.)  This is also wrong.  Because the Delaware action will not resolve the infringement issues in this case, both courts will necessarily have to become familiar with the technology, perform claim construction, and likely consider all the other issues Samsung identifies as being potentially "resolved."  And this Court need not and should not sever and stay for the sole purpose of potentially deferring invalidity issues to another, significantly slower venue.[5]  Under Samsung's logic, any time a patentee sues on the same patent in two different courts, one case must be stayed—an absurd and unsupported result.  Severing and staying the '231 and '946 patent claims would accomplish nothing but Samsung's desire for delay.[6] Samsung's motion should be denied.

### B.  The First-To-File Rule And The Customer-Suit Exception Do Not Apply

Samsung does not dispute that the first-to-file rule has many exceptions and should not be applied "when justice or expediency requires."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931,

---

[5] The only way both courts will not have to address some of these issues is if Samsung were to successfully invalidate every asserted claim of the '231 and '946 patents, "which is a potential result in all patent cases, and that possibility does not mandate granting a stay" or severance. *Ultravision Techs., LLC v. Lamar Advert. Co.*, No. 2:16-CV-374-JRG-RSP, 2017 WL 823419, at *5 (E.D. Tex. Mar. 2, 2017) (denying a motion to stay).

[6] Samsung suggests Invensas was responsible for the slower schedule in Delaware.  (Reply at 1 n.1.)  To the contrary, Samsung proposed a schedule that would have provided for trial 7 months *later* than the trial schedule proposed by Invensas and adopted by the Delaware court.  (Ex. 9 at 13-14 (proposing trial for June 22, 2020.)  As Samsung's counsel told the Delaware court, Invensas' proposed schedule "is an aggressive schedule in this district.  It's faster than most plaintiffs get and we don't see the need for that."  (Ex. 8 at 9:1-3.)

RESTRICTED – ATTORNEYS' EYES ONLY

937 (Fed. Cir. 1993).  Given the lack of overlap in the products described above, the differing

defendants and their infringing acts, and the need to separately litigate many issues regardless of

whether Samsung's motion is granted, the overlap is not "complete or nearly complete" so as to

apply the first-to-file rule.  *In re Telebrands Corp.*, 824 F.3d 982, 984 (Fed. Cir. 2016).  No case

Samsung cites applies the first-to-file rule in the factual scenario presented here.  Unlike those

cases, this is not a race to the courthouse between a patentee and an accused infringer to file mirror-

image infringement and declaratory judgment suits.  The interests and principles here are different,

as no one venue can address the full extent of Invensas' claims against Samsung and its affiliates,

SEA and SAS.

Acknowledging the significant differences between the cases, Samsung attempts to liken

this case to *SIPCO*, arguing that there, the Court found that the first-to-file rule applied despite

differing products in the two cases.  (*See* Reply at 3.)  But Samsung misquotes the Court and

misapplies *SIPCO*.  As Invensas explained in its Response (Resp. at 11 n.11), *SIPCO* explicitly

held that "[b]oth actions involve . . . ***the same accused products***."  *SIPCO, LLC v. Emerson Elec.

Co.*, No. 6:15-cv-907, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016) (emphasis added).

Samsung's selective quote leaves out that the plaintiff in *SIPCO* only argued that "***the features of***

the accused products differ between [the two actions]" and that the Court found that "***additional***

***features present*** in the accused products in one action that are not present in the other action . . .

does not preclude a finding of substantial overlap."  *Id.* (emphasis added).  By contrast, here there

are entirely different products and chips at issue in the two cases, minimizing any overlap.

Samsung also disingenuously argues that Invensas "has not shown or even alleged that it

cannot obtain full relief from SEC in one of its two actions."  (Reply at 4.)  But Samsung has not

admitted that SEC would be liable for every infringement by SEA and SAS.  And if that is

4

Samsung's position it should stipulate to it, as that could indeed render the Delaware case unnecessary.

Samsung also arguably concedes that the customer-suit exception is inapplicable. Samsung does not dispute that the "customer-suit exception is inapplicable" when a defendant is not a mere reseller, and Samsung admits that its subsidiary SEA is no mere reseller. *Mirror Worlds Techs., LLC v. Dell Inc.*, No. 6:13-CV-941, 2014 WL 11268268, at \*2 (E.D. Tex. Sept. 29, 2014); (Mot. at 6; Reply at 3 n.3). Samsung also admits that SEC actually designs and manufactures the accused products, (Mot. at 5), yet ignores that SEC is already in this case. Thus, the exception does not apply here.[7]

### C. It Is More Convenient To Litigate In Texas

Samsung's argument that Delaware, not Texas, is more convenient is confounding, as it ignores the reality that *SAS is headquartered in Texas*. There are witnesses and documents in Texas, including likely SAS trial witnesses pertaining to the accused products and processes, whereas Samsung identifies no witness needed for trial in Delaware. Samsung is also wrong that SAS witnesses in Austin are "outside of this Court's subpoena power." (Reply at 5.) Rule 45 gives this Court subpoena power over witnesses in Texas to compel trial attendance in Texas. Fed. R. Civ. P. 45(c)(1)(B). Thus, convenience dictates proceeding in Texas.

### II. CONCLUSION

For the reasons set forth above, Samsung's motion should be denied.

---

[7] *Modavox* is easily distinguishable. There, the court transferred the case because *all* of the factors "strongly favor[ed] transferring" to a court that had already conducted *Markman* proceedings, and not because of the corporate relationships and judicial economy alone, as Samsung suggests. *Modavox, Inc. v. AOL LLC*, No. CV 08-05914 SJO (PJWx), 2009 WL 8548648, at \*7 (C.D. Cal. Apr. 14, 2009).

RESTRICTED – ATTORNEYS' EYES ONLY

Dated: March 2, 2018

Respectfully submitted,

*/s/ Lawrence J. Gotts w/permission Claire Henry*
Lawrence J. Gotts
DC Bar No. 417219
Matthew J. Moore
DC Bar No. 453773
Alan M. Billharz
DC Bar No. 1034089
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Lawrence.Gotts@lw.com
Matthew.Moore@lw.com
Alan.Billharz@lw.com

Clement J. Naples
New York Bar No. 4217717
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel.: (212) 906-1200
Fax: (212) 751-4864
Clement.Naples@lw.com

Joseph H. Lee
California Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Tel: 714-540-1235
Fax: 714-755-8290
Joseph.Lee@lw.com

Amit Makker
California Bar No. 280747
Brian W. Lewis
California Bar No. 290727
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com

6

RESTRICTED – ATTORNEYS' EYES ONLY

Brian.W.Lewis@lw.com

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Invensas Corporation***

RESTRICTED – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 2nd day of March, 2018.

/s/ Claire Henry
Claire Henry

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 46).

/s/ Claire Henry
Claire Henry

RESTRICTED – ATTORNEYS' EYES ONLY