# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INVENSAS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:17-cv-670-RWS-RSP <br><br> **JURY TRIAL DEMANDED** |

**INVENSAS CORPORATION'S RESPONSE
TO SAMSUNG'S MOTION TO STAY PENDING
DETERMINATION OF *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

**TABLE OF CONTENTS**

Page

I. FACTUAL BACKGROUND ................................................................................1

    A. Stage Of The Litigation ...........................................................................1
    B. Samsung's IPR Petitions ..........................................................................2

II. LEGAL STANDARD ............................................................................................3

III. THE COURT SHOULD DENY SAMSUNG'S MOTION TO DELAY THIS LITIGATION .........................................................................................................4

    A. This Court's Universal Practice Is To Deny Pre-Institution Stays Because Any Simplification Of The Issues Is Speculative At Best ...........................5
    B. A Stay Would Be Prejudicial To Invensas ................................................6
    C. The Stage Of The Case Weighs Against Entering A Stay .........................7
    D. Samsung's Request For Alternative Relief Is Premature And Should Be Denied .....................................................................................................9

IV. CONCLUSION ....................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*,
   No. 6:14-CV-162-JDL, 2015 WL 179000 (E.D. Tex. Jan. 14, 2015) ...........4, 7

*Allure Energy, Inc. v. Nest Labs, Inc.*,
   No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ....................7

*Certain Semiconductor Devices, Semiconductor Device Packages, and Prods. Containing Same*,
   Inv. No. 337-TA-1010, Dkt. 3150 (U.S.I.T.C. July 28, 2017) .........................3

*EchoStar Techs. Corp. v. TiVo, Inc.*,
   No. 5:05-CV-00081, 2006 WL 2501494 (E.D. Tex. July 14, 2006) .................4

*Freeny v. Apple Inc.*,
   No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014).....5, 6

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)........................................................................................4

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
   No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ..4, 5, 6

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) .6, 7

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016)..9

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ............................................................................................... *passim*

### **STATUTES**

35 U.S.C. § 141(c) ................................................................................................7

35 U.S.C. § 316(a)(11)..........................................................................................7

### **RULES**

Fed. R. Civ. P. 30(b)(6).........................................................................................2

Samsung filed essentially a verbatim copy of this motion nearly a month ago in a case involving Invensas' affiliate Tessera, *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG (E.D. Tex.).  Judge Gilstrap promptly denied Samsung's motion in that case, even before Samsung's reply was filed *id.* Dkt. 98, and for substantially the same reasons, the Court should also deny Samsung's motion in this case.  Much like Samsung's motion to transfer and motion to sever and stay, this motion represents another attempt by Samsung to delay these proceedings in favor of another forum.  *See id.*, slip op. at 5 (observing that this is "yet another attempt [by Samsung] to draw out these proceedings").  Samsung asks to stay these proceedings pending institution of Samsung's belated *inter partes* review ("IPR") petitions, filed nearly ***nine and ten months*** after this case began.  But putting aside Samsung's undue delay, Samsung's motion ignores this District's "universal practice" of denying motions to stay prior to institution of an IPR petition.  This universal practice is all the more appropriate in this case because these patents have been repeatedly confirmed as valid in other proceedings, making it highly unlikely that Samsung's IPRs will be successful.  Moreover, Samsung's motion grossly overstates the balance of the factors this Court considers for stay motions.  The factors here counsel against a stay, and the Court should deny Samsung's motion.

I.      **FACTUAL BACKGROUND**

   A.      **Stage Of The Litigation**

On September 28, 2017, Plaintiff Invensas Corporation ("Invensas") filed this suit against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").[1]  (Dkt. 1.)  The Court entered a scheduling order on December 7, 2018.  (Dkt. 22.)  Invensas served

---

[1] Samsung refers to the suit Invensas filed against Samsung in the District of Delaware.  (Mot. at 2-3, 7-8.)  But the timing of Samsung's actions relative to the schedule set by the Delaware court has no bearing on the factors to be considered by the Court here.

1

its infringement contentions more than six months ago on January 29, 2018. Samsung's invalidity contentions would have been due February 26, 2018 (Dkt. 22), but the Court extended that deadline per the parties' agreement to April 27, 2018 (Dkt. 28), and Samsung served its invalidity contentions on that date.

Pursuant to the Docket Control Orders (Dkts. 38, 108), and before Samsung filed this motion, the parties engaged in claim construction activities, filed the P.R. 4-3 Joint Claim Construction Statement with the Court on June 6, 2018 (Dkt. 95), Invensas filed its Opening Claim Construction Brief on July 9, 2018 (corrected version filed July 12, 2018) (Dkt. 123), and Samsung filed its Responsive Claim Construction Brief on July 26, 2018 (Dkt. 134). The deadline to substantially complete document production has also already passed. (Dkt. 108.) As Samsung admits, the parties have already expended tremendous resources in fact discovery, and have produced hundreds of thousands of pages of documents. (*See* Mot. at 12.)

While Samsung notes that the parties have yet to take any party depositions, numerous third-party depositions have taken place, including prior art depositions and inventor depositions. And before Samsung filed its motion, the parties discussed the timing of depositions in Korea later this month, (*see* Gotts Decl., Ex. 1), and both parties have served their Rule 30(b)(6) deposition notices. Presently, on the order of 15 depositions of Samsung witnesses are being scheduled for completion in Korea by the beginning of September. Claim construction briefing is already complete, and by the time briefing closes on this motion the claim construction hearing will have already occurred. Fact discovery closes in September, and expert discovery closes in November. Trial is scheduled for February 2019.

      **B.**      **Samsung's IPR Petitions**

Samsung filed a subset of its IPRs on June 15, 2018, nearly nine months after the complaint in this case was filed. (*See* Mot. at 3.) Samsung filed another subset of its IPRs on July 13, 2018,

nearly ten months after the complaint in this case was filed. (*See id.*) As Samsung acknowledges, the '231 and '946 patents already survived IPR proceedings directed against the exact same claims that Samsung's second subset of IPRs challenges. (*See id.* at 9 n.4.) In the prior IPRs, the PTAB denied the IPR petitions against these two patents in their entirety at the institution phase. (*See* Gotts Decl., Exs. 2-3.) The PTAB found that the petitioner in that case had "[not] shown a reasonable likelihood that it would prevail" with respect to any of the challenged claims. (Gotts Decl., Exs. 2-3.) Samsung's IPRs rely on the exact same primary reference as those failed IPRs. (*See* Gotts Decl., Exs. 4-7.)

Subsequent to the PTAB rejecting an IPR against the '946 patent, the Administrative Law Judge in U.S. International Trade Commission Investigation No. 337-TA-1010 found the '946 patent (1) valid over the same primary reference Samsung asserts in its IPR; and (2) infringed by over 2,100 semiconductor devices. *See Certain Semiconductor Devices, Semiconductor Device Packages, and Prods. Containing Same*, Inv. No. 337-TA-1010, Dkt. 3150 at 22-39, 42-62 (U.S.I.T.C. July 28, 2017) (public initial determination).

None of Samsung's IPR petitions identifies any terms to be construed by the PTAB. (*See* Gotts Decl., Exs. 6-10.) And as Samsung acknowledges, the PTAB likely will not provide any institution decisions on these IPRs until February 2019. (*See* Mot. at 4.) By that time, this case will be mere days away from trial. (*See* Dkt. 108.) Samsung also acknowledges that the earliest the PTAB would likely issue a final written decision is February 2020—nearly a full year after trial in this action. (*See* Mot. at 4.)

II.     **LEGAL STANDARD**

In this District, "the courts have uniformly denied motions for a stay" before the PTAB has acted on a petition for IPR. *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015). "[T]hat is not just the majority rule; it is the

3

universal practice." *Id.*; *see also Tessera Advanced Techs.*, Dkt. 98, slip op. at 6 ("It is now well established that this Court will not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR.").

A district court has "inherent discretion whether to grant a stay in patent litigation pending *inter partes* review." *3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162-JDL, 2015 WL 179000, at *2 (E.D. Tex. Jan. 14, 2015). When considering motions to stay, courts "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To strike the balance when a patent challenger moves to stay a litigation pending an IPR, courts in this district consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify issues in question and trial of the case, and; (3) whether discovery is complete and whether a trial date has been set. *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

**III. THE COURT SHOULD DENY SAMSUNG'S MOTION TO DELAY THIS LITIGATION**

Samsung's motion to stay pending IPR institution should be denied because it is both too early and too late. It is too early because the PTAB has not even decided whether to institute the IPRs yet. And it is too late because Samsung took nearly ten months to file all of its IPRs and even longer to file its motion, all the while litigating this case, such that it would be too prejudicial to stay the case at this point. Moreover, Samsung grossly overstates the weight of the stay factors in this case. A proper consideration of the factors shows that a stay is not warranted.

### A.     This Court's Universal Practice Is To Deny Pre-Institution Stays Because Any Simplification Of The Issues Is Speculative At Best

It is "the universal practice" in this District to deny a motion to stay pending IPR proceedings before the PTAB has decided to institute the review. *Trover*, 2015 WL 1069179, at *6; *see also Tessera Advanced Techs.*, Dkt. 98, slip op. at 6 ("It is now well established that this Court will not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR."). And the statistics cited by Samsung explain why. According to those statistics, petitions have been instituted in just over 50% of all filed petitions. (*See* Mot. Ex. B at 11 (4,549 of 8,747 petitions instituted).) As this Court has previously recognized, "it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute inter partes review in this case and invalidate some or all of the claims" of the patents-in-suit. *Trover*, 2015 WL 1069179, at *4. "If the petition is denied, the stay would contribute not at all to simplifying the issues before the Court," and would have only resulted in delay and prejudice to Invensas. *Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014).

Samsung's motion states that this Court "generally has not granted motions to stay pending IPR before institution" (Mot. at 6), but simply fails to acknowledge this Court's "universal practice" denying pre-institution stays. Ignoring this Court's practice, Samsung instead relies on cases from outside the District to support its motion. (*See* Mot. at 5-6, 9-10.) But none of these cases solves Samsung's problem that the entirety of its argument is based on pure speculation. *See Trover*, 2015 WL 1069179, at *4. Moreover, as this Court has recognized, even if some claims are cancelled in the IPRs, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time." *Lennon Image Techs.*, 2014 WL 4652117, at *3. That is the better course here.

This Court has repeatedly recognized that "[t]he largest consideration bearing on" a motion to stay pending IPR "is that the PTAB has not yet decided whether to grant the petition." *Freeny*, 2014 WL 3611948, at *3; *see also Trover*, 2015 WL 1069179, at *4 ("It is for that reason this Court regards the most important factor in determining whether to stay litigation pending inter partes review to be whether the PTAB has acted on the defendants' petition for review."); *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) ("Because the PTAB has not granted any of the petitions, Defendants' assertion that the PTAB will invalidate the claims of the patent—and therefore simplify the issues—is purely speculative."). That same consideration applies even more here, where ***the PTAB already denied institution of IPRs against these same patents***, and Samsung's IPRs rely on art ***that has already been rejected*** by the PTAB and the ITC. Thus, this factor weighs heavily against entering a stay.

Moreover, Judge Gilstrap recently rejected Samsung's identical list of "ways courts and parties may benefit from a stay pending IPR." (Mot. at 8-9.) As Judge Gilstrap stated, "the Court finds that Defendants' six points of simplification in this case are likely to be present in virtually every case in which *inter partes* review has been sought challenging a patent owned by a non-competing entity." *Tessera Advanced Techs.*, Dkt. 98, slip op. at 7. Judge Gilstrap then found, on nearly identical facts, "that the 'simplification of the issues' factor cuts against a stay." *Id.*[2]

B. **A Stay Would Be Prejudicial To Invensas**

This Court has also repeatedly recognized that "a patent holder has an interest in the timely enforcement of its patent rights." *Lennon Image Techs.*, 2014 WL 4652117, at *2 (quotation

---

[2] Samsung also argues that this case is of a "complex nature." (Mot. at 9; *see also id.* at 11-12.) But most patent cases are "complex" and in any event this argument fails because the scope and nature of the accused products will remain unless every challenged claim of the patents-in-suit is found unpatentable in IPR.

omitted); *accord Trover*, 2015 WL 1069179, at *2 ("[T]he plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights."); *3rd Eye*, 2015 WL 179000, at *2 ("[Plaintiff] has a well-established interest in the timely enforcement of its patent rights.").

Here, Samsung litigated this case for **ten months** before filing all of its IPRs and this motion, and Invensas invested significant amounts of time and money during this period. Samsung should not be rewarded for its inexplicable delay, especially after Invensas made such significant investments. Moreover, the length of the stay requested by Samsung weighs against Samsung's motion. Samsung asks for a stay until the PTAB's "determinations on Samsung's IPR Petitions and any resulting proceedings." (Mot. at 1.) But that would mean that the stay would be in place until at least February 2020 (when a decision on the IPRs is due) if instituted, almost ***a full year after*** the trial date in this case.³ (Mot. at 4; Dkt. 108.) *See Realtime Data*, 2016 WL 3277259, at *2 (citing 35 U.S.C. § 316(a)(11)). And "[t]he delay could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit. 35 U.S.C. § 141(c)." *Id.* There can be no question that "[s]uch a lengthy delay will result in significant prejudice to [Invensas] and, therefore, this factor weighs against a stay." *Id.*⁴

### C. The Stage Of The Case Weighs Against Entering A Stay

Samsung grossly overstates that this factor "weighs strongly in favor of granting a stay."

---

³ By statute, the deadline for an IPR decision could be extended by six months for good cause, which could extend the delay to August 2020. 35 U.S.C. § 316(a)(11).

⁴ Moreover, Samsung's inexplicable delay has allowed Samsung to fully discover Invensas' infringement theories, Invensas' claim construction positions, and obtain other discovery from Invensas. The delay from a stay presents a tactical disadvantage to Invensas by allowing Samsung potentially more time to consider its claim construction arguments, other case analysis, and forcing Invensas to "expend considerable financial resources on IPR proceedings, prior to its day in court." *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015).

(Mot. at 1.) As Samsung admits, the parties have expended tremendous resources in fact discovery already, and have produced hundreds of thousands of pages of documents. (*See* Mot. at 11-12.) And the parties are well into the claim construction process, as the technical tutorials and briefing have already been completed.

The *Trover* case is instructive. In *Trover*, the defendants filed an IPR nearly a year after the complaints were filed, having waited for months after filing their invalidity contentions before filing their IPR petitions. *Trover*, 2015 WL 1069179, at *3. In denying the defendants' motion to stay, the court stated that "[b]y the time the stay motion was filed . . ., the parties had engaged in substantial discovery and had initiated the claim construction process[]" and that "[t]he pattern of delay on the defendants' part cuts against granting a stay." *Id.*

Here, this case was filed over ten months ago. And even though Samsung got over a two-month extension to serve its invalidity contentions, it still waited for another month and a half to file its first batch of IPRs, and two and half months to file its second batch. And then Samsung waited another two weeks to file the instant motion. In short, just as in *Trover*, Samsung "could have filed [its] motion for a stay at a time when the case could truly be said to have been in its infancy." *Id.* at *4. "But by delaying in filing [its] petition and then further delaying in filing [its] motion to stay, [Samsung has] allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties." *Id.* As in *Trover*, "this factor cuts strongly against a stay." *Id.*[5]

Given Samsung's inexplicable near ten-month delay in filing its IPRs and the facts that the

---

[5] Indeed, in the *Tessera* case on similar facts, Judge Gilstrap found "*Trover* to be point." *Tessera Advanced Techs.*, Dkt. 98, slip op. at 5. And there, claim construction briefing had not even started. *See id.* That claim construction briefing here is complete further highlights Samsung's unreasonable delay in filing its IPRs and stay motion in this case.

8

infringement and invalidity contentions have been exchanged, claim construction briefing is complete, and fact discovery is well underway, this factor weighs against granting a stay.

### D. Samsung's Request For Alternative Relief Is Premature And Should Be Denied

Recognizing that its motion is premature without an institution decision, Samsung asks for alternative relief in the form of an expedited briefing schedule should the PTAB institute Samsung's IPRs. (*See* Mot. at 13.) First, even after institution, it is far from uniform practice to simply enter a stay. *See, e.g.*, *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796, at *5 (E.D. Tex. Nov. 29, 2016) (denying motion to stay post-institution and recognizing that "if the PTAB's institution of IPRs created a *per se* rule obligating district courts to stay their proceedings, there would be no need for courts to consider a three-factor test or any other circumstances that might be relevant to a stay"). In fact, given that the proceedings in this Court will have advanced even further in the next six months, and trial will be imminent, the factors then will balance even further against entering a stay. Second, Samsung presents no compelling reason for this Court to depart from the briefing schedule dictated by the Local Rules. The delay here is Samsung's own making. As Judge Gilstrap noted in the *Tessera* case, "the choice of when to bring such IPRs is still at Samsung's discretion." *Tessera Advanced Techs.*, Dkt. 98, slip op. at 5. Like in *Tessera*, here, "Samsung waited [ten] months from the initiation of these proceedings and [six] months after service of infringement contentions to move for a stay," and there is no reason to reward that delay. *Id.* There could be any number of developments over the next six months, and the Court very likely will benefit from full briefing on the issues in the unlikely event that the PTAB institutes Samsung's IPRs. Deciding now whether to expedite briefing in six months is unnecessary and Samsung's request for "alternative relief" should be denied.

IV. **CONCLUSION**

As the PTAB has yet to issue an institution decision, Samsung's motion is premature and runs afoul of this Court's universal practice of denying such pre-institution stays for IPRs. Moreover, Samsung's motion overstates the balance of the stay factors. As set forth above, each factor weighs against a stay. Thus, Samsung's latest attempt to have another forum decide this case fails like the others. The Court should deny Samsung's motion and its request for alternative relief.

Respectfully submitted,

Dated: August 10, 2018

*/s/ Clement J. Naples w/permission Andrea Fair*
Clement J. Naples
New York Bar No. 4217717
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel.: (212) 906-1200
Fax: (212) 751-4864
Clement.Naples@lw.com

Matthew J. Moore
DC Bar No. 453773
Lawrence J. Gotts
DC Bar No. 417219
Alan M. Billharz
DC Bar No. 1034089
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Moore@lw.com
Lawrence.Gotts@lw.com
Alan.Billharz@lw.com

Joseph H. Lee
California Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor

Costa Mesa, CA  92626-1925
Tel: 714-540-1235
Fax: 714-755-8290
Joseph.Lee@lw.com

Amit Makker
California Bar No. 280747
Brian W. Lewis
California Bar No. 290727
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com
Brian.W.Lewis@lw.com

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Invensas Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 10th day of August, 2018.

*/s/ Andrea Fair*
Andrea Fair