**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **INVENSAS CORPORATION,** | |
| **Plaintiff,** | Civil Action No. 2:17-CV-670-RWS-RSP |
| **v.** | |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING
DETERMINATION OF *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

# TABLE OF CONTENTS

**Page**

I.     THE STAGE OF THE CASE FAVORS A STAY ............................................................. 1

II.    THE STAY WILL LIKELY RESULT IN SIMPLIFICATION OF THIS CASE ............. 3

III.   INVENSAS WILL SUFFER NO UNDUE PREJUDICE OR TACTICAL
DISADVANTAGE ........................................................................................................ 4

IV.   SAMSUNG'S MOTION AND REQUEST FOR ALTERNATIVE RELIEF ARE
NOT PREMATURE ....................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

## <u>CASES</u>

*Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*,
    2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ........................................................................ 6

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*,
    2015 WL 11143485 (E.D. Tex. Dec. 16, 2015)..................................................................... 6

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ...................................................................... 3

*Evolutionary Intelligence LLC v. Yelp Inc.*,
    2013 WL 6672451 (N.D. Cal. Dec. 18, 2013).......................................................................3

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
    2016 U.S. Dist. LEXIS 79778 (E.D. Tex. May 12, 2016)................................................. 2, 3

*NFC Tech. LLC v. HTC Am., Inc.*,
    2015 WL 1069111, at *3-4 (E.D. Tex. Mar. 11, 2015) ........................................................ 2

*Realtime Data LLC v. Actian Corp.*,
    2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) ...................................................................... 6

*Realtime Data, LLC v. Rackspace US, Inc.*,
    2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ........................................................................ 5

*Tessera Advanced Techs. Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 2:17-CV-00671 (E.D. Tex.) ........................................................................................... 1

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
    2018 WL 3472700 (E.D. Tex. July 19, 2018) ...................................................................... 2

*Trover Grp., Inc. v. Dedicated Micros USA*,
    2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ................................................................. 1, 2

Samsung moved to stay this case pending completion of IPRs.  D.I. 138.  Invensas's

Opposition ("Opp.," D.I. 144) simultaneously argues that Samsung's motion is premature,

because institution decisions have not issued, and overdue, because of the stage of the case.

Invensas also argues it would be unduly prejudiced by a stay.  These arguments are misleading

and incorrect.  Considering the complexities of the disputes between the parties, including the

parallel Delaware Action, Samsung was diligent in preparing and filing its IPRs, and Invensas

will suffer no prejudice.  A stay pending IPR is therefore appropriate.

## I.        THE STAGE OF THE CASE FAVORS A STAY

Samsung petitioned for IPRs months before the statutory deadline and then promptly

moved to stay this case only two weeks after its last IPR petitions were filed.  Invensas

nonetheless urges the Court to deny Samsung's motion on grounds that this case is at an

advanced stage, relying heavily on *Trover Group, Inc. v. Dedicated Micros USA*, 2015 WL

1069179 (E.D. Tex. Mar. 11, 2015).[1]  Opp. at 5-6.  But *Trover* is clearly distinguishable.  *Trover*

found that the defendants exhibited a pattern of delay by first waiting until just five days before

the one-year statutory deadline to file IPR petitions and then waiting another month before

moving for a stay.  *Id.* at *3.  Here, not only has Samsung not engaged in a pattern of delay, it

filed its IPRs more than two months before the statutory deadline and moved to stay less than

two weeks later.  *See* Mot. at 2-4.[2]

---

[1] Invensas also likens this case to one filed by its affiliate Tessera against Samsung that is currently pending before Judge Gilstrap (*Tessera Advanced Techs. Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671 (E.D. Tex.)), despite the numerous differences between the cases, which Invensas neglects to mention, much the less analyze.  *See, e.g.*, Opp. at 1.  For example, the *Tessera* case, as discussed in Samsung's motion, is scheduled for trial several months after the trial in this case.  *See* Mot. at 6 n.3.

[2] The court in *Trover* also noted that "the most intensive period of pretrial preparation and the trial will not take place until after the PTAB has decided whether to grant the petition and institute *inter partes* review."  2015 WL 1069179, at *3.  The court in that case thus would have the opportunity to grant a stay after institution but before the parties entered the pretrial stage of

Samsung diligently prepared its IPR petitions in parallel with other case activities.  And more importantly, Invensas did not identify the asserted claims of the '946 Patent and '231 Patent in the Delaware Action until June 1, 2018 – *less than two months before Samsung filed its IPRs for these two patents.*  Without this information, Samsung could not be certain of the full scope of the claims asserted in the two actions, information necessary to determine the grounds for Samsung's IPRs.[3]  Courts in this district have repeatedly found it reasonable for defendants to wait until receipt of infringement contentions before petitioning for IPR.  *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3-4 (E.D. Tex. Mar. 11, 2015) (granting stay where IPRs were filed four months after service of infringement contentions); *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 2016 U.S. Dist. LEXIS 79778, at *11 n.7 (E.D. Tex. May 12, 2016).  Thus, the timing of Samsung's IPR filings was reasonable.  *See, e.g.*, *NFC Tech.*, 2015 WL 1069111, at *4 (finding filing of IPRs 7.5 months after complaint to be reasonable); *Evolutionary Intelligence LLC v. Yelp Inc*., 2013 WL 6672451, at *9 (N.D. Cal. Dec. 18, 2013) (evaluating "undue delay" in view of other activities and motions in case).

Invensas argues that granting Samsung's motion could result in a stay until "almost a full year after the trial date in this case."  Opp. at 7 (emphasis removed).  But this timing *supports* a stay.  The bulk of the litigation expenses that the parties would incur in pretrial, trial preparation, and trial are still in the future (Mot. at 2-4), and a stay at this stage would likely result in substantial savings for both parties.  *See, e.g.*, *Intellectual Ventures II*, 2016 U.S. Dist. LEXIS

---

the case.  In contrast, given the case schedule here, even with the IPRs filed months before the statutory deadline, institution won't be decided until during or after trial, and after the parties have completed all trial preparation.

[3] Judge Gilstrap noted that "the choice of when to bring such IPRs is [] at Samsung's discretion" in his order denying a stay.  *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 3472700 (E.D. Tex. July 19, 2018).  Samsung is respectful of this guidance and notes that the described events in the Delaware Action were key to the timing of Samsung's IPR filings.

79778, at *9 (granting stay because "[w]hile this case has indeed progressed to an advanced

stage of proceedings, a large amount of pretrial work remains").  This Court grants motions to

stay where IPR determinations would issue after an originally scheduled trial date.  *Ericsson Inc.*

*v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016).

## II.    THE STAY WILL LIKELY RESULT IN SIMPLIFICATION OF THIS CASE

Invensas argues that "petitions are instituted in just over 50% of all filed petitions" (Opp.

at 5), a statistic that is highly misleading but nonetheless demonstrates that it is more probable

than not that Samsung's IPRs will be instituted.  In reality, the probability that Samsung's IPRs

will be instituted is much higher (*see* Mot. at 10), as Invensas's statistic can only be obtained by

inflating the denominator by including pending petitions, dismissed and settled cases, and cases

in which the patent owner requested an adverse judgment.   Invensas also fails to consider the

relation between the field of technology and institution rate.[4]  *Id.*  And any outcome of the IPRs

will simplify the issues, even if all claims survive review.  *Id.* at 10-11.

In addition, Invensas's claims that the "PTAB [has] already denied institution of IPRs

against these same patents" is a red herring.  Opp. at 6.  Before the PTAB, petitioner Broadcom

relied solely on a single reference, U.S. Patent No. 5,948,573 ("Takahashi").  Samsung's IPR

petitions, by contrast, have combined Takahashi with one of two secondary references, neither of

which the PTAB had considered before and that addresses the deficiency with Takahashi alone

that the PTAB identified in the previous proceeding.  Declaration of Mishima Alam in Support

of Samsung's Reply in Support of Its Motion to Stay Pending *Inter Partes* Review ("Alam Reply

Decl."), Ex. C at 4-5; *Id.,* Ex. D at 5.  As Samsung noted in its opening brief, the PTAB has

---

[4] Invensas, however, does not dispute that in the relevant field of petitions challenging
"Electrical/Computer" patents, the PTAB has instituted IPRs on more than two-thirds of all filed
petitions.  Mot. at 10.  Nor does Invensas dispute that eighty-one percent of final written
decisions published by the PTAB resulted in the cancellation of at least one claim.  *Id.*

granted institution of IPRs in such circumstances when a later-filed IPR added a new reference in combination with a reference that was found insufficient in an earlier-filed IPR.  Mot. at 12 n.2. Indeed, by specifically addressing the deficiency in Takahashi, Samsung's IPRs are more likely to be instituted, not less as Invensas asserts.  The simplification factor weighs in favor of a stay.

## III.    INVENSAS WILL SUFFER NO UNDUE PREJUDICE OR TACTICAL DISADVANTAGE

Invensas's arguments based on "timely enforcement of patent rights" are "too generic, standing alone, to defeat a stay motion."  *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017).  Invensas, a licensing entity, does not compete with Samsung.  Mot. at 7.  At the time of the motion, Invensas had not made "significant" investments in discovery[5] (Opp. at 7), but even if it had, Invensas fails to demonstrate any undue prejudice. Should the asserted claims survive IPR review, Invensas can use that same discovery to continue pursuing its case against Samsung.[6]  And should the PTAB invalidate all of the asserted claims, a stay would reduce the waste of additional resources in enforcing invalid patents.

## IV.    SAMSUNG'S MOTION AND REQUEST FOR ALTERNATIVE RELIEF ARE NOT PREMATURE

While it argues that Samsung's motion is too late, Invensas also argues that the motion is premature because the PTAB has not yet instituted review.  Opp. at 5-6.  Contrary to Invensas's claims, this Court has not adopted a complete bar against pre-institution stays.  This Court

---

[5] At the time the motion was filed, Invensas had not yet taken a single party deposition.  And Invensas has produced less than 70,000 pages of documents (by comparison to the over 364,000 pages produced by Samsung).

[6] Invensas's arguments claiming tactical disadvantage based on the disclosure of Invensas's infringement theories, claim construction arguments, and other positions are unavailing.  Opp. at 7 n.4.  Invensas cites no authority for the proposition that IPRs must be filed prior to the date of early disclosures required by the District's local rules.  And, as discussed above, infringement contentions and asserted claims are key disclosures that determine the scope of the IPRs and thus are necessary prior to filing petitions.

4

instead analyzes the facts of each case when considering a stay.  The facts here justify a pre-institution stay, as Invensas asserts many of the same claims not only here but also in the parallel Delaware Action.  And as Invensas acknowledged, institution decisions on the IPRs are expected "mere days away from trial."  Opp. at 3; *see also* Mot. at 6 n.3.  A pre-institution stay would therefore relieve the parties and the Court from having to expend time and resources on pretrial tasks, especially where the IPRs could negate entirely the need for a trial.

Moreover, Samsung requested alternative relief, in the event the Court prefers to deny the pre-institution stay.  Mot. at 13.  Invensas argues that Samsung's request for alternative relief is premature and that even after institution, the Court should deny Samsung's motion.[7]  Opp. at 9.  But this Court and others routinely grant post-institution stay motions because there is a "substantial likelihood of simplification of litigation."  *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co*., 2015 WL 11143485, at *3 (E.D. Tex. Dec. 16, 2015) (citation omitted).  A stay at the time of institution would present an additional opportunity for both the Court and the parties to conserve significant resources in the pretrial period.[8]  *See Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016).

\*                    \*                    \*

For the foregoing reasons, Samsung respectfully requests the Court grant its Motion or its alternative relief.

---

[7] Invensas cites *Realtime Data*, which is distinguishable because defendants filed their IPRs close to the one-year deadline, and moved to stay a month and a half after the close of fact discovery and almost four months after the *Markman* order.  *Realtime Data LLC v. Actian Corp.*, 2016 WL 9340796, at *3–4 (E.D. Tex. Nov. 29, 2016).  Here, Samsung filed its IPRs two months before the statutory deadline and close of fact discovery, and a month before the *Markman* hearing.

[8] Invensas further argues that deciding now whether to expedite briefing is unnecessary.  Opp. at 9.  But given the close proximity between the expected IPR institution date and the trial date, it makes sense for the Court to order expedited briefing should it deny Samsung's motion.

DATED:  August 17, 2018

Respectfully submitted,

*/s/ Brian Berliner*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
Mishima Alam (D.C. Bar No. 1027654)
malam@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America,
Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on August 17, 2018.

*/s/  Brian Berliner*
Brian Berliner