# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:17-cv-670-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**INVENSAS CORPORATION'S SUR-REPLY
TO SAMSUNG'S MOTION TO STAY PENDING
DETERMINATION OF *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

## TABLE OF CONTENTS

Page

I. THE ADVANCED STAGE OF THE CASE AND THE STAGE OF SAMSUNG'S BELATED IPRS WEIGH AGAINST A STAY................................1

II. THIS COURT'S UNIVERSAL PRACTICE IS TO DENY PRE-INSTITUTION STAYS BECAUSE ANY SIMPLIFICATION OF THE ISSUES IS SPECULATIVE AT BEST................................3

III. A STAY WOULD BE PREJUDICIAL TO INVENSAS................................4

IV. SAMSUNG PROVIDES NO BASIS TO GRANT ITS REQUESTED ALTERNATIVE RELIEF AT THIS TIME................................5

V. CONCLUSION................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) .................3, 5

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*,
  No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016).....................5

*Cellular Commc'ns Equip., LLC v. Samsung Elecs., Co.*,
  No. 6:14-CV-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ..................5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-cv-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)..........3

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
  No. 6:15-cv-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ........................2

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........2

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ..3

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016)..5

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
  No. 2:17-CV-00671-JRG, Dkt. 98, slip op. (E.D. Tex. July 19, 2018) .............4

*Trover Grp., Inc. v. Dedicated Micros USA*,
  No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)1, 2, 4

Samsung's Reply presents no credible arguments to support this Court ignoring its universal practice of denying a stay before the institution of any of Samsung's belated IPRs. Samsung attempts to provide this Court with excuses for its delay in filing its IPRs, but none of its excuses justifies the relief it seeks. Samsung agreed to extending the deadlines for the parties' contentions, and Samsung did nothing with respect to the Delaware case to move with sufficient dispatch in filing its IPRs. Samsung's actions resulted in the belated filing of its IPRs, and it cannot now claim diligence to derail this case after litigating for over ten months. Samsung's Reply also mischaracterizes a number of cases as favoring a stay here, despite each being decided *after* the PTAB had instituted IPRs. Regardless of Samsung's mischaracterizations of the facts and law, the stay factors weigh a stay and Invensas respectfully requests that Samsung's motion be denied.

## I. THE ADVANCED STAGE OF THE CASE AND THE STAGE OF SAMSUNG'S BELATED IPRS WEIGH AGAINST A STAY

Samsung cannot credibly argue that it was diligent here nor suggest that it was not Samsung's decision to delay bringing its IPRs. (*See* Reply at 2-3, 2 n.3.) Nothing prevented Samsung from filing its IPRs and seeking at stay at the beginning of the case. Instead, Samsung agreed to delay the parties' contention deadlines, specifically asked for the extended invalidity contentions deadline, and agreed to the schedule in this case. (Dkt. 27; Dkt. 33.) Samsung cannot now argue diligence based on complying with deadlines that were of its own making. The simple fact is, "[e]ven after [Samsung] filed [its] invalidity contentions in this case, [it] still delayed for months before filing [its] petition for inter partes review with the PTAB. Moreover, even after filing [its] petition[s], [Samsung] waited nearly another month before seeking a stay from this Court." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015). As the *Trover* court found, this "pattern of delay on the defendants' part cuts against granting a stay." *Id.* (collecting cases). Given Samsung's agreement

1

to case deadlines, "[Samsung has] allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the [Samsung's] control, the Court [should not be] sympathetic with [Samsung] . . . ." *Id.* at *4.

Samsung's attempts to liken its tactics here to cases in which courts granted stays ignore that those cases were decided *after* IPRs were instituted and are otherwise unlike this case. In *NFC Technology*, the stay motion was filed after institution, and at that time, "pretrial work and trial preparation [were] still in the future." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015). That is entirely unlike this case, where Samsung filed its IPRs later in the proceedings than the defendant in *NFC Technology*, and by the time Samsung files a motion *after* any institution decision, trial will be imminent. And even though its decision was *after* an institution decision, the court still found the factor neutral or "slightly against the issuance of a stay." *Id.* at *4. Likewise, in *Intellectual Ventures*, the motion to stay was brought *after* an institution decision, and at that time expert discovery and "a large amount of pretrial work" was still ahead; and the court still found that "because this action has reached an advanced stage of proceedings, . . . this factor weighs slightly against a stay." *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-59, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). Thus, even after an institution decision, courts still find this factor weighs against a stay. Before an institution decision, this factor weighs heavily against a stay.

Samsung is also wrong that a stay is supported here because the stay would last for a year after trial is scheduled. (*See* Reply at 2-3.) Contrary to Samsung's assertion, the *Ericsson* court did not grant a stay because the IPR determinations would issue after the trial date. Instead, the *Ericsson* court found the defendant's preparation of seventeen IPR petitions—in less time than it took Samsung to do its five here—showed reasonable diligence, but still found this factor "weighs

2

against a stay." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016). The stay was granted because the IPRs had already been instituted and the court found the simplification factor weighed heavily in favor of a stay. *Id.* at *3. Pre-institution, courts in this District continue to deny stays when, as here, the trial will occur before the IPR completes. *See, e.g.*, *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) (denying pre-institution stay motion where IPR would complete "well beyond the scheduled trial date"); *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015) (denying post-institution stay motion where IPR would not conclude until "long after" trial).

Finally, Samsung's reference to the Delaware case should be rejected. (*See* Reply at 2.) As this Court has recognized, "[t]he question of [Samsung's] diligence is relevant to whether [Samsung's] inaction caused undue delay in this case, and whether any such delay resulted in an improper strategic advantage for [Samsung] in this case." *Ericsson*, 2016 WL 1162162, at *2 (emphasis in original). If Samsung had had its way, the Delaware schedule would have been even further delayed and, apparently, Samsung would have tried to use that to its tactical advantage to file its IPRs even later than it did. (*See* Dkt. 67 at 3 n.6.) Moreover, Samsung made no attempt to ask Invensas whether it would assert different claims in Delaware—even though it knew that would be unlikely—again suggesting a tactical move to delay filing its IPRs. And Samsung provides no explanation for why it delayed filing its IPRs on the patents not at issue in Delaware— again indicating a tactical decision on Samsung's part. This factor weighs heavily against a stay.

**II. THIS COURT'S UNIVERSAL PRACTICE IS TO DENY PRE-INSTITUTION STAYS BECAUSE ANY SIMPLIFICATION OF THE ISSUES IS SPECULATIVE AT BEST**

Samsung's Reply does nothing to address the fact that, pre-institution, "it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the

3

PTAB will institute inter partes review in this case and invalidate some or all of the claims" of the patents-in-suit. *Trover*, 2015 WL 1069179, at *4. That is why it is "the universal practice" in this District to deny a motion to stay pending IPR proceedings before the PTAB has decided to institute the review. *Trover*, 2015 WL 1069179, at *6; *see also Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, No. 2:17-CV-00671-JRG, Dkt. 98, slip op. at 6 (E.D. Tex. July 19, 2018) ("It is now well established that this Court will not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR."). Samsung does not deny that it relies on the same primary prior art as previously failed IPRs on the '946 and '231 patents, and makes no argument to suggest that institution on the other patents-in-suit is any more likely than the norm, which is declining every year. (*See* Mot. Ex. B at 7.) Because any simplification remains speculative before institution of any IPRs, this factor weighs heavily against a stay.

## III. A STAY WOULD BE PREJUDICIAL TO INVENSAS

Samsung does not address any of the cases Invensas cited showing that a stay would be prejudicial to Invensas. (Resp. at 6-7.) And it is absurd for Samsung to argue Invensas has not made significant investments in this litigation. Invensas has spent millions of dollars to date, preparing in-depth infringement contentions, briefing and arguing claim construction, collecting and producing thousands of pages of documents, responding to Samsung's repeated, failed motions to avoid this venue (*see* Dkts. 145, 146), and having to file a motion to compel discovery that Samsung improperly withheld, which the Court granted.[1] (Dkts. 97, 107.) And right now, Invensas is taking numerous translated depositions of Samsung's witnesses in Korea. It would be prejudicial for Samsung to litigate the case actively for ten months, and then require Invensas "to

---

[1] It is unsurprising that Samsung has produced more documents than Invensas. Samsung is accused of infringing five patents that broadly cut across numerous categories of its chips that Samsung manufactures.

4

expend considerable financial resources on the IPR proceedings, prior to its day in court." *Allure Energy*, 2015 WL 11110606, at *1. Thus, this factor also weighs against a stay.

### IV. SAMSUNG PROVIDES NO BASIS TO GRANT ITS REQUESTED ALTERNATIVE RELIEF AT THIS TIME

Before addressing its alternative relief, Samsung argues that "this Court has not adopted a complete bar against pre-institution stays." (Reply at 4.) But Samsung cites no cases to support a pre-institution stay here, where Samsung delayed filing its IPRs. Turning to its alternative relief, Samsung argues that this Court routinely grants post-institutions stays, but ignores that none of the cases it cites were at such an advanced stage as this case will be once the PTAB rules on Samsung's belated IPRs. *See Cellular Commc'ns Equip., LLC v. Samsung Elecs., Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *3 (E.D. Tex. Dec. 16, 2015) (granting stay where "no depositions had been noticed or taken," *Markman* was more than a month away, and trial was still a year away); *Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016) (granting stay where "discovery was not complete," one non-merits deposition was taken, the *Markman* hearing was just held, and trial "was seven months away").[2] All of Samsung's cases are unlike where this case will be if the PTAB institutes any of the IPRs—just weeks before trial. Thus, there is no reason to grant Samsung's alternative relief.

### V. CONCLUSION

The Court should deny Samsung's motion and its request for alternative relief.

---

[2] Samsung fails to distinguish *Realtime Data*. *Realtime* discusses a renewed motion to stay ***after*** IPRs were instituted. *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796, at *1, 3-4 (E.D. Tex. Nov. 29, 2016) ("Staying this litigation in order to wait for an IPR decision that is not due until months *after* trial has already taken place would prejudice Plaintiff." (emphasis in original)). Samsung fails to appreciate that by the time it files its renewed motion, fact discovery will be closed, and the claims will be construed, just as in *Realtime*. *Id.* at *4. While Samsung did not file its IPRs at the last possible time, it did wait ten months to file all of them.

                Respectfully submitted,

Dated: August 24, 2018              */s/ Clement J. Naples w/permission Andrea Fair*

                Clement J. Naples
                New York Bar No. 4217717
                LATHAM & WATKINS LLP
                885 Third Avenue
                New York, NY 10022-4834
                Tel.: (212) 906-1200
                Fax: (212) 751-4864
                Clement.Naples@lw.com

                Matthew J. Moore
                DC Bar No. 453773
                Lawrence J. Gotts
                DC Bar No. 417219
                Alan M. Billharz
                DC Bar No. 1034089
                LATHAM & WATKINS LLP
                555 Eleventh Street, NW Suite 1000
                Washington, DC 20004-1304
                Tel.: (202) 637-2200
                Fax: (202) 637-2201
                Matthew.Moore@lw.com
                Lawrence.Gotts@lw.com
                Alan.Billharz@lw.com

                Joseph H. Lee
                California Bar No. 248046
                LATHAM & WATKINS LLP
                650 Town Center Drive, 20th Floor
                Costa Mesa, CA  92626-1925
                Tel: 714-540-1235
                Fax: 714-755-8290
                Joseph.Lee@lw.com

                Amit Makker
                California Bar No. 280747
                Brian W. Lewis
                California Bar No. 290727
                LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com
Brian.W.Lewis@lw.com

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Invensas Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 24th day of August, 2018.

*/s/ Andrea Fair*
Andrea Fair