**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INVENSAS CORPORATION,**<br><br>   **Plaintiff,**<br><br> **vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD.**<br>**and SAMSUNG ELECTRONICS**<br>**AMERICA, INC.,**<br><br>   **Defendants.** | Civil Action No. 2:17-cv-670 [RWS/RSP]<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE (D.I.</u>**
**<u>146) REGARDING DEFENDANTS' MOTION TO SEVER AND STAY PROCEEDINGS</u>**
**<u>FOR THE '231 AND '946 PATENTS</u>**

The Samsung Defendants respectfully object to the Magistrate Judge's Order ("Order") denying the Defendants' Motion To Sever And Stay Proceedings For The '231 And '946 Patents (D.I. 146).  By denying Samsung's requested relief, the same plaintiff and overlapping Samsung defendants must now litigate the same infringement claims for the same two patents at the same time in two different forums (this District and the District of Delaware).  The Order cites no precedent for allowing such duplicative proceedings.  It instead relies on the fact that the overlap between the two cases is not entirely complete because while this action concerns twenty-two accused products, the parallel Delaware action concerns a subset of seven of these products.  But Plaintiff Invensas's infringement theories across all product are identical.  Further, the legal standard governing the relief that Samsung requests is "substantial overlap," not complete overlap. Here, there is substantial overlap because in addition to overlapping accused products, the two actions will raise identical invalidity, claim construction, and willfulness issues.

**A.     There Is No Precedent For Allowing This Action And Delaware Action To Proceed In Parallel For The Overlapping '231 And '946 Patents**

On September 28, 2017, Invensas filed this action and another action in Delaware against Samsung.  In this action, Invensas is asserting five patents, including the '231 and '946 Patents, against Samsung Electronics Co. (SEC) and its subsidiary, Samsung Electronics America (SEA), which markets and sells Samsung products in the U.S. but is not involved in their design or manufacture.  D.I. 1; D.I. 44, Diaz Decl.  In Delaware, Invensas is asserting only the '231 and '946 Patents against SEC and another subsidiary Samsung Austin Semiconductor (SAS), which manufactures certain of the accused products in the U.S.  D.I. 44, Ex. 8 and Huandra Decl. Invensas's complaint allegations in the two actions for the '231 and '946 Patents are nearly verbatim identical.  *Compare* D.I. 44, Ex. 8 at ¶¶ 14-39, *with* D.I. 1 at ¶¶ 18-42.  Invensas's infringement contentions in the two actions are also identical for both patents, accusing the same twenty-two products based on the same theories.  D.I. 74, 74-2, 74-3.  During discovery in the

1

Delaware action, Samsung stated that SAS manufactures seven of the twenty-two accused products in the U.S.   Although the Order refers to the two actions as concerning "distinct acts of infringement," in truth, the two actions simply account for different damages bases — this action captures Samsung products when sold in the U.S. while the Delaware action captures those same Samsung products when manufactured in the U.S., but then exported abroad.  Order, 2-3.

Because of the substantial overlap between the actions, the parties have already had to duplicate work.  Invensas's infringement claim charts and Samsung's invalidity contentions in Delaware were substantively identical to those served earlier in Texas.  The parties are currently engaged in claim construction in both actions.  For the '231 and '946 Patents, the parties dispute the same five terms and their Delaware claim construction briefs filed on August 13 present the same arguments as their claim construction briefs filed a few weeks earlier in this action.  This duplication and waste will only worsen as both actions proceed through trial, while also creating the risk of inconsistent results between both actions as the Order acknowledges.  Order, 5.

There is no precedent for allowing two actions with the same patents and overlapping parties and issues to proceed in parallel, and the Order cites none.  To the contrary, as cited in Samsung's briefing, many courts have taken measures to avoid duplicative litigation and inconsistent results on similar facts.  In *Novartis AG v. HEC Pharm Co.*, where plaintiff sued for patent infringement in Delaware and then sued the same defendant for infringing the same patent a month later in New Jersey, the New Jersey court granted a stay because having two courts address the same issues is a "textbook example of waste of judicial resources" and would "risk[] inconsistent determination." No. CIV.A. 15-1647 CCC, 2015 WL 5440821, at *4 (D.N.J. Sept. 14, 2015).  In *Aventis Pharma S.A. v. Sandoz Inc.*, where the plaintiff filed actions on the same patent against the same defendant in New Jersey and California on the same day, the New Jersey court transferred the action to California on the "basis of judicial economy."  No. 06-3671 (MLC), 2007

WL 1101228, at *3-4 (D.N.J. Apr. 10, 2007).  This District has likewise recognized that "[w]hen a plaintiff brings similar suits in two different districts, the court must consider . . . judicial economy and decrease the risk of inconsistent adjudication."  *Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08–CV–112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009).

Although the customer suit exception does not strictly apply, the judicial economy considerations underlying it favor trying Invensas's claims in Delaware.  SEA, a defendant in this action, only sells and markets the accused products and thus could not provide any discovery regarding substantive aspects of the infringement case.  SAS, a defendant in the Delaware action, is involved in manufacturing.  These facts are comparable to *Intellectual Ventures II LLC v. Kemper Corp.,* where a plaintiff first sued customer defendants in this District, alleging that they infringed two patents based on their use of certain products.  No. 6:16-cv-81-JRG, D.I. 55 at 1-2 (E.D. Tex. Oct. 5, 2016).  One of the two patents was also at issue in a parallel litigation in Massachusetts that the plaintiff filed against the manufacturer of the same products.  *Id.*  Judge Gilstrap applied the customer suit exception to sever and stay proceedings for the overlapping patent pending resolution of the Massachusetts action.  *Id.* at 2-3.  He reasoned that "[a]llowing the claims concerning the [overlapping] patent to proceed both in this Court and in a parallel litigation would inappropriately waste judicial resources" and "Plaintiff's infringement contentions against Defendants rely almost exclusively on the underlying functionalities of the accused products, an issue that will necessarily be explored in detail in the [manufacturer] case." *Id.* at 2.[1]  Thus, litigating Invensas's claims for the '231 and '946 Patents in only Delaware would be more efficient than litigating them in two forums while also avoiding inconsistent results.

---

[1] The first to file rule also favors trying Invensas's claims in Delaware.  The Delaware action was filed a minute earlier and this District has stated that "first to file rule" applies even if "first filed by a minute[.]"  *RPost Holdings, Inc. v. Yesware, Inc.*, No. 2:13-cv-953-JRG, 2014 WL 12712410, at *1-2 (E.D. Tex. Sept. 4, 2014).

**B.     The Substantial Overlap Warrants Severing And Staying Proceedings**

The Order's primary basis for denying Samsung's motion is that although this action concerns twenty-two products, Samsung has represented that "only seven product types [are] actually made by SAS" and thus "within the scope of the Delaware action." Order, 3.  The Order concludes that the actions' "overlap amounts to (at most) seven of the twenty-two product types," so granting Samsung's motion would "not clearly increase judicial economy." *Id.*, 4-5.

Although fifteen additional products are at issue in this action, Invensas's infringement theories across all twenty-two products are identical.  Indeed, since briefing concluded on Samsung's motion, the parties entered into a stipulation in this action that reduced the twenty-two accused products to only nine representative products.  D.I. 100.  The parties' stipulation reflects that there are few if any material differences among many of the different products given Invensas's infringement theories.  And the choice of nine representative products was based only on product categories (e.g., memory, image processor, Flash), not on any differences that are material to infringement.  Accordingly, if this action were severed and stayed, the Delaware court's rulings on infringement for the seven products at issue in that action could also dispose of all or nearly all infringement issues for the twenty-two products at issue in this case.

The Order's focus on the additional products at issue in this action suggests a belief that there must be near complete overlap between two actions to grant the relief that Samsung seeks.  The law, however, only requires "substantial overlap." *E.g.*, *In re Google Inc.,* 588 F. App'x 988, 990 (Fed. Cir. 2014) ("The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving ***substantially overlapping*** issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation," and "inconsistent rulings.") (emphasis added; citations omitted).  Applying the "substantial overlap" requirement in *SIPCO, LLC v. Emerson Electric Co.*, where plaintiff filed actions in this District and Georgia

4

against the same defendant for related patents, this District granted transfer because the "Texas action and the Georgia action *substantially overlap*" as they "involve the same parties, patents from the same patent families with similar claim elements and drawings, the same type of technology, and the same accused products."  No. 6:15-cv-907, 2016 WL 7743496, at *4 (E.D. Tex. July 1, 2016) (emphasis added).  This District granted transfer even though there were different, but related, patents at issue and the "features of the accused products differ between the Texas action and the Georgia action."  *Id*.  This District reasoned that although "[t]here may be additional features present in the accused products in one action, . . . that does not preclude a finding of *substantial overlap*."  *Id*. (emphasis added).  Likewise here, there is "substantial overlap" given that the overlapping parties and the same patents, technologies, and overlapping products at issue.  And even leaving aside any different infringement issues the additional products accused in this action may present, all other issues — invalidity, claim construction, Invensas's willfulness defense, Samsung's licensing defense — are identical.  Thus, even without a complete overlap of accused products, there are substantially overlapping issues between the two cases.

Finally, severance and stay would also conserve this Court's judicial resources and simplify issues in this action.  The Court will not have to spend time reviewing the '231 and '946 Patents, deciding discovery disputes and dispositive and evidentiary motions pertaining to those two patents, or conduct a trial on those two patents.  Instead, a trial in this action would be simplified because the jury and this Court would only need to decide issues for the three remaining patents, rather than for the five patents currently asserted.

### C.    Conclusion

For the reasons stated above and in Samsung's briefing and arguments at the June 13, 2018 hearing (D.I. 44, 62, 74, 106), Samsung objects to the Order and requests severing and staying proceedings in this action for the '231 and '946 Patents pending resolution of the Delaware action.

Dated: August 30, 2018          Respectfully submitted,

By: */s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 30, 2018.

/s/ Ryan K. Yagura
Ryan K. Yagura
O'Melveny & Myers LLP