**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **INVENSAS CORPORATION,**<br><br>      Plaintiff,<br><br>  vs.<br><br>**SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>      Defendants. | Civil Action No. 2:17-cv-670 [RWS/RSP]<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RENEWED MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

■■■■■■■■■■■■

## TABLE OF CONTENTS

██████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Benjamin Moore & Co.*,
    318 F.3d 626 (5th Cir. 2002) ............................................................................................... 1

The Samsung Defendants respectfully renew their motion to transfer this action to the District of Delaware under 28 U.S.C. § 1404(a) (D.I. 43). This Court denied Samsung's original motion on August 14. D.I. 145. However, two events occurred last week that justify Samsung renewing its motion and the Court now transferring to Delaware.[1] First, on September 3 and 4, Invensas provoked a dispute during the deposition of a Samsung corporate witness over what discovery is allowed under the parties' Protected Communications Agreement ("PCA"). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇ Yet, not even three weeks after this Court denied Samsung's original motion in part ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Invensas did both. And even if Invensas represents that it will not rely on the testimony obtained during the deposition, its attempt to obtain that testimony ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Second, on September 6, Judge Gilstrap transferred a parallel case, *Tessera Advanced Technologies, Inc. v. Samsung Electronics Co.*, 17-cv-00671 (E.D. Tex.) ("*Tessera* Action"), based on the same PCA and its forum selection clause. Judge Gilstrap recognized that the plaintiff in that action (a corporate sister of plaintiff Invensas) would need to rely on PCA-covered communications to pursue its willfulness claim and that this would inevitably result in disputes concerning the PCA's interpretation. In the present case, there is no need to wait for such

---

[1] To the extent that the Court treats this renewed motion as a motion for reconsideration, the standard for reconsideration is met. To prevail on a motion for reconsideration, the moving party must show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Samsung's renewed motion relies on new facts and intervening authority that became available after September 3. These intervening developments thus occurred after this Court's order denying Samsung's original motion on August 14 and also after the August 28 deadline for filing objections to that order.

inevitable disputes—███████████████████████████████████████. Samsung thus respectfully renews its motion and submits that this case should be transferred to Delaware as well.

### A. The PCA Applies To This Action And Related Actions Against Samsung

On September 28, 2017, Invensas and its affiliates filed seven domestic actions (including this action) against Samsung defendants in this District, Delaware, New Jersey, and in the U.S. International Trade Commission. In all three actions in this District, Samsung filed motions to transfer on February 1, 2018, with each motion arguing that plaintiff's reliance on the parties' pre-suit communications to prove willfulness created a dispute as to whether the plaintiff had violated ███████████████████████████████████████ The table below lists the three actions filed in this District and the status of Samsung's motions to transfer.

| Case Caption | Judge(s) | Motion To Transfer And Motion Status |
|---|---|---|
| *Invensas Corp. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-00670 (this action) | Judge Schroeder<br>Judge Payne | • Motion filed on February 1. D.I. 43.<br>• Motion denied on August 14. D.I. 145. |
| *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, 17-cv-00671 ("*Tessera* Action") | Judge Gilstrap | • Motion filed on February 1. D.I. 33.<br>• Motion granted on September 6. D.I. 119. |
| *FotoNation Ltd. and DigitalOptics Corp. MEMS v. Samsung Elecs. Co.*, 17-cv-00669 | Judge Schroeder | • Motion filed on February 1. D.I. 49.<br>• Samsung filed a notice of supplemental authority identifying Judge Gilstrap's decision in the *Tessera* Action on September 6. D.I. 136.<br>• Motion remains pending. |

Samsung and Tessera Technologies. Inc.—the parent company of the named plaintiffs in all three actions—entered into the ███████████████████████████████████████

2



### B.    Samsung's Original Motion To Transfer

Samsung's original motion argued that, among other things, Invensas's reliance on the parties' pre-suit communications to support its willfulness claims raised a dispute as to whether Invensas had violated the ███████████████████████████████████████ ████████████████████ D.I. 43 at 13-14.  Invensas responded that no ripe "disputes or claims

3

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

exist[ed]" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ D.I. 55 at 7-9.

On August 14, 2018, this Court denied Samsung's motion, reasoning "Defendants claim that Invensas must rely on pre-suit communications between the parties to prove its willful-infringement claims, but provides no evidence Invensas has done so yet." D.I. 145 at 7. The Court concluded then that there was no "present dispute under the PCA" when Samsung filed its original motion on February 1, just days after fact discovery opened. *Id.* The Court, however, acknowledged that the PCA's scope "might become an issue" later in the case, though "the Court is not convinced it is inevitable." *Id.*

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

5





This action should therefore be transferred to Delaware.

### D. Judge Gilstrap's September 6 Order Granting Transfer Based On The PCA

In the *Tessera Action*, Judge Gilstrap granted Samsung's motion to transfer to Delaware based on the same PCA and the same forum selection clause. Ex. B. Judge Gilstrap anticipated that disputes under the PCA would be unavoidable given plaintiff's willfulness claims. *Id*. at 6. Specifically, Judge Gilstrap found that even if the PCA allowed each party to rely on its own communications to prove willfulness, the plaintiff would necessarily have to rely on protected communications from Samsung to determine "what was received by Samsung" and "how Samsung reacted to such communications":

> Regardless of the extent that the Court needs to interpret the PCA, Samsung's argument is non-frivolous. ***Any willfulness analysis of the communications that were disclosed by Tessera will necessarily involve an analysis of what was received by Samsung and how Samsung reacted to such communications.*** Further, the Court finds that it is not facially obvious as to which communications are protected and which are not. In order to try this case, the Court must ***unavoidably*** interpret the PCA, including the definition of "Protected Communications." Accordingly, the Court finds that Samsung has sufficiently

7

shown that forum-selection clause of the PCA attaches to this action and must be included in the § 1404(a) analysis. (*Id*. (emphasis added).)[2]

Judge Gilstrap's reasoning applies equally to this case. Moreover, Judge Gilstrap's expectations about the necessity and unavoidability of interpreting the PCA in the *Tessera* Action have now been confirmed in this action ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮ As Judge Gilstrap concluded, such disputes about "which communications are protected and which are not" under the PCA must be resolved by a Delaware court. *Id*. Accordingly, pursuant to the PCA's forum selection clause, this action should be transferred to Delaware.

### E. Conclusion

For the reasons stated above, in Samsung's briefing on its original transfer motion (D.I. 43, 61), and in Judge Gilstrap's order granting transfer of the *Tessera* Action, Samsung respectfully requests that this Court transfer this action to Delaware.

---

[2] Judge Gilstrap found that because there is a non-frivolous argument that the PCA applies, Invensas had contractually consented to venue in Delaware through the PCA and, thus, the *Tessera* Action could have been brought in Delaware. Ex. B at 5 n.1. In addition, Judge Gilstrap found that because the PCA applies, only the public convenience factors had to be considered in the transfer analysis. *Id*. at 7-9. He concluded that the public factors did not outweigh the PCA's forum selection clause. *Id*. In particular, while Delaware was more congested than this District in 2017, in August 2018, Delaware appointed two new district judges, Judges Colm Connolly and Maryellen Noreika. *Id*. These findings apply equally to this action.

Dated: September 10, 2018    Respectfully submitted,

By: */s/ Melissa R. Smith*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 10th day of September, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

Since September 7, 2018, pursuant to Local Rule CV-7(h), counsel for Defendants has contacted counsel for Plaintiff regarding a meet and confer. Plaintiff has not responded. Defendants are filing this renewed motion opposed because counsel for Plaintiff opposed Defendants' original motion to transfer (D.I. 43).

*/s/ Melissa R. Smith*
Melissa R. Smith