# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:17-cv-670-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**INVENSAS CORPORATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE (D.I. 146) REGARDING DEFENDANTS' MOTION TO SEVER AND STAY PROCEEDINGS FOR THE '231 AND '946 PATENTS**

Samsung's objection to Judge Payne's order should be overruled. As it did before Judge Payne, Samsung misrepresents the amount of overlap between this case and the case pending in Delaware, and again simply ignores that proceeding first in Delaware will be inefficient and prejudicial to Invensas. Only a small subset of the chip models accused in this action overlap with those in the Delaware action, meaning that the Delaware action cannot resolve all the claims in this action. Thus, rather than two trials, Samsung's approach would lead to three trials—hardly an efficient result. Moreover, Samsung misrepresents Judge Payne's order by arguing that it is unsound because it "relies on the fact that the overlap between the two cases is not entirely complete . . . ." (Dkt. 158 at 1.) But that is not the sole basis for the order. Instead, Judge Payne recognized that there was minimal overlap and that it would be inefficient to have a third trial in this District on the '231 and '946 patents. (*See* Dkt. 146 at 4.)

Invensas filed two actions, one here and one in Delaware, because both are required for Invensas to obtain complete relief. There was no way for Invensas to sue SAS, the Delaware Defendant, in this Court in view of the Supreme Court's decision in *TC Heartland*, and SAS has steadfastly refused to consent to venue in this District. Further, because the Delaware schedule lags behind the schedule here, Judge Payne recognized that Samsung's actions "suggest[] the risk of inconsistent decisions is not Defendants' true concern"—otherwise Samsung would consent to venue over SAS here and the Delaware case would be eliminated. (Dkt. 146 at 5, 5 n.2.) In light of the circumstances, and the broad discretion afforded under Rule 21, Judge Payne properly denied Samsung's motion. Thus, the Court should overrule Samsung's objection.

### A. Background

The background is described at length in Invensas' briefing and Judge Payne's order. (*See* Dkt. 53 at 3-5; Dkt. 76 at 1-2; Dkt. 146 at 1-3.) At a high-level, in this action Invensas accuses Samsung chips that infringe five asserted patents that are incorporated into end-products imported

1

and sold in the United States by SEA.  The accused chips are made by Samsung and third parties.  The Defendants in this action are SEC and SEA.  Under *TC Heartland*, SEA could not be sued in Delaware.  In the Delaware action, Invensas accuses SAS's manufacture of chips in the United States of infringing only the '231 and '946 patents, and only to the extent that such chips are not used in end-products sold by SEA.  SAS is a separate Samsung entity that manufactures and sells infringing chips in the United States.  Under *TC Heartland*, SAS could not be sued here and Samsung refused to consent to venue over SAS in this District.

To ease the burden on the parties in this case, a representative components stipulation as to the '231 and '946 patents was entered. (*See* Dkt. 100.) Samsung required that the stipulation "not apply to any non-Samsung branded component" such as "any Qualcomm-branded component," which are accused in this action. (*Id.* at 1.) Thus, while this stipulation reduces the number of Samsung chip models to nine, there remain at least eight third-party chip models for which infringement must be proven individually.[1] Of these seventeen chip models, only five are manufactured by SAS.[2] Chip model numbers aside, it is still unknown whether any of the physical chips overlap in the two cases because Samsung still has not provided any discovery on this topic.

### B.     Legal Standard

A court does not disturb a magistrate judge's order unless the order "was clearly erroneous or contrary to law." *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436, at *4 (E.D. Tex. Jan. 4, 2017); 28 U.S.C. § 636(b)(1)(A).  With respect to a motion to

---

[1] The Court granted the parties' Joint Motion to Amend Infringement and Invalidity Contentions on September 4, 2018. (Dkt. 160.) In its amended infringement contentions, Invensas currently accuses eight different Qualcomm chips of infringing.

[2] While Samsung concedes that SAS manufactures only seven different models (Dkt. 158 at 1-2), due to the representative components stipulation, infringement by two of these chip models will not be substantively litigated in this action.

sever, a court "has broad discretion when deciding whether to sever." *DSS Tech. Mgmt., Inc. v. Intel Corp.*, No. 6:15-cv-130, 2015 WL 12806514, at *1 (E.D. Tex. Nov. 12, 2015) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)).

### C. Judge Payne's Order Rejected Samsung's "Best Argument"

As Invensas noted during briefing, Samsung's motion failed to even address the factors considered by courts in this District when deciding sever and stay motions. (*See* Dkt. 53 at 7-9.) Samsung's motion instead relied on the inapplicable first-to-file rule and the customer-suit exception. (*See* Dkt. 146 at 3-5; Dkt. 53 at 9-15.) Samsung concedes that the customer-suit exception does not apply on these facts (Dkt. 158 at 3), and Judge Payne correctly found that "[t]he first-to-file rule is not implicated in this case."[3] (Dkt. 146 at 3.) Thus, while there are numerous reasons why Samsung's motion was properly denied, Judge Payne's order focused on what he considered "Defendants' best argument," the potential for inconsistent results, and found that Samsung's approach "will not clearly increase judicial economy." (Dkt. 146 at 5.)

This was the correct conclusion. Because the Delaware action has no bearing on the numerous chips in the end-products accused in this action that are not accused in Delaware, absent a finding of invalidity on all asserted claims, granting Samsung's motion would potentially create three separate trials instead of two: (i) the trial here on the other three patents (the '336, '167, and '554 patents), (ii) the trial in Delaware on the '231 and '946 patents, and (iii) another trial here on the '231 and '946 patents to cover all the chips accused in this action.

### D. Samsung Misrepresents The Amount Of Overlap Between The Two Actions

---

[3] Samsung continues to cling to a statement from *RPost*. (*See* Dkt. 158 at 3 n.1.) But like most first-to-file cases, and completely unlike here, *RPost* involved a race to the courthouse by the parties to file mirror-image infringement and declaratory judgment suits. *See RPost Holdings, Inc. v. Yesware, Inc.*, No. 2:13-cv-953-JRG, 2014 WL 12712410, at *1 (E.D. Tex. Sept. 4, 2014).

Whether phrased as "substantial overlap," as Samsung does, or that there should be "complete or nearly complete" overlap, as the Federal Circuit has said, the extent of overlap must be considered. *In re Telebrands Corp.*, 824 F.3d 982, 984 (Fed. Cir. 2016) (citing *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985)). "[W]here there is less overlap, the second district court has considerably more discretion." *Id.*

There is nowhere near complete or substantial overlap here. There are different defendants, different accused products, and neither litigation can provide Invensas with complete relief. That there has been some duplication of efforts is not surprising. Any time two courts hear cases on the same patents asserted against different defendants, there will be some extent of overlap.

Samsung simply ignores the magnitude of these differences, and rests almost entirely on the argument that Invensas' theories of infringement are the same across the various chip models. (Dkt. 158 at 1-2.) But as Judge Payne noted, "the overlap amounts to (at most) seven of the twenty-two product types" and correctly concluded that "a severance and stay would not obviate the need to construe the claims and consider the patents' validity, and does not resolve Invensas's claims concerning ***the other fifteen product types*** at issue in this District." (Dkt. 146 at 4.) And Samsung provides no explanation as to how "rulings on infringement for the seven products at issue [in Delaware] could [] dispose of all or nearly all infringement issues for the twenty-two products at issue in this case." (Dkt. 158 at 4.)

Nor does Samsung meaningfully address Judge Payne's finding that severance and stay "will not clearly increase judicial economy." (Dkt. 146 at 5.) Samsung seems to advocate for a standard that a case should be severed and stayed if there is "substantial overlap," regardless of inefficiencies. But this is not the law. Instead, courts recognize efficiencies are gained where resolving one litigation will resolve the second, which is not the case here. *See, e.g.*, *Kahn v. Gen.*

4

*Motors Corp.*, 889 F.2d 1078, 1082 (Fed. Cir. 1989). This is precisely why "[e]xceptions [to rigid application of such rules] . . . are not rare, and are made when justice or expediency requires . . . ." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). There is no dispute that severing and staying here would be extremely prejudicial to Invensas—the Delaware action lags well behind this action, and this case implicates far more infringing chips than the Delaware action. *See Kahn*, 889 F.2d at 1082 ("[T]he balance is reached in light of the general rule favoring choice of forum, and the harm caused by delay in resolving stayed issues.").

### E. None of Samsung's Cited Cases Are Applicable Here

Samsung faults Judge Payne for purportedly not citing any case that supports his opinion, but every case Samsung relies on that involved a motion to sever and stay had a complete overlap of parties, claims, or products, and *none* involved both different parties and different accused products, like here. (*See* Dkt. 53 at 11-12.)[4] And Samsung is simply wrong—Judge Payne recognized that the law affords him discretion in considering whether to sever, and Judge Payne reached the correct conclusion in not severing and staying this case in favor of another case involving different products and different parties.[5]

### F. Conclusion

Samsung's objection should be overruled and Judge Payne's order should be upheld.

---

[4] Samsung also relies on *Aventis* and *Invitrogen* in connection with this argument, but those cases involved a motion to transfer, not a motion to sever and stay.

[5] Samsung also cites to various cases involving the "customer suit exception," but those cases are plainly inapplicable because the customer-suit exception does not apply when "one case would [not] be dispositive of the other," like here. Instead, "[t]he public policy favoring expeditious resolution of disputes[, which] is of particular weight when dealing with wasting assets such as patents," strongly counsels that a court allow an action to proceed. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

5

        Respectfully submitted,

Dated: September 13, 2018      */s/ Clement J. Naples by permission Andrea Fair*
      Clement J. Naples
      New York Bar No. 4217717
      LATHAM & WATKINS LLP
      885 Third Avenue
      New York, NY 10022-4834
      Tel.: (212) 906-1200
      Fax: (212) 751-4864
      Clement.Naples@lw.com

      Matthew J. Moore
      DC Bar No. 453773
      Lawrence J. Gotts
      DC Bar No. 417219
      Alan M. Billharz
      DC Bar No. 1034089
      LATHAM & WATKINS LLP
      555 Eleventh Street, NW Suite 1000
      Washington, DC 20004-1304
      Tel.: (202) 637-2200
      Fax: (202) 637-2201
      Matthew.Moore@lw.com
      Lawrence.Gotts@lw.com
      Alan.Billharz@lw.com

      Joseph H. Lee
      California Bar No. 248046
      LATHAM & WATKINS LLP
      650 Town Center Drive, 20th Floor
      Costa Mesa, CA  92626-1925
      Tel: 714-540-1235
      Fax: 714-755-8290
      Joseph.Lee@lw.com

      Amit Makker
      California Bar No. 280747
      Brian W. Lewis
      California Bar No. 290727
      LATHAM & WATKINS LLP
      505 Montgomery Street, Suite 2000
      San Francisco, CA 94111
      Tel: 415-391-0600
      Fax: 415-395-8095

Amit.Makker@lw.com
Brian.W.Lewis@lw.com

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Invensas Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 13th day of September, 2018.

*/s/ Andrea Fair*