# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INVENSAS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:17-cv-670-RWS-RSP<br><br>█████████<br><br>**JURY TRIAL DEMANDED** |

## INVENSAS CORPORATION'S SECOND MOTION
## TO COMPEL DISCOVERY FROM DEFENDANTS

Invensas seeks relief from the Court to remedy Samsung's refusal to provide relevant discovery, inconsistent with the Court's prior Orders granting Invensas' previous motion to compel. The dispute in Invensas' previous motion was about what "reasonably similar" meant. Invensas argued it meant reasonably similar to the accused technology, which in this case, is about how semiconductor chips are manufactured and structured. Samsung sought to tie "reasonably similar" to the end-user product in which the chips ended up. The Court determined reasonably similar was related to the patented technology. The end-user product is irrelevant to the patented technology. Consistent with that, Samsung was required to produce all relevant technical discovery by July 12, 2018, and all relevant financial discovery by August 11, 2018. Samsung has consistently stone-walled Invensas' attempts to even understand whether Samsung's discovery was complete, including by promising and providing tardy (albeit incomplete) production. Accordingly, Invensas asks that the Court require Samsung to meet its discovery obligations.

## I. FACTUAL BACKGROUND

On September 28, 2017, Invensas sued Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") on five patents related to semiconductor chips.[1] (*See* Dkt. 1.) On January 29, 2018, Invensas served infringement contentions identifying a variety of chips found in a number of Samsung products, including specifically dual in-line memory modules ("DIMMs"). (*See* Dkt. 61-2 at 3-6.)

As set forth in Invensas' previous motion to compel, Samsung refused to provide discovery on both chips that were reasonably similar to the identified chips ("Accused Components"), as well as the end-user products containing Accused Components. (*See* Dkt. 84.) The dispute

---

[1] The patents are U.S. Patent Nos. 6,232,231 (the "'231 patent"), 6,849,946 (the "'946 patent"), 6,054,336 (the "'336 patent"), 6,566,167 (the "'167 patent"), and 6,825,554 (the "'554 patent") (collectively, the "Asserted Patents").

crystalized to be about what "reasonably similar" meant. Samsung argued refrigerators were not reasonably similar to phones. Invensas argued that "reasonably similar" looks to the patented technology, which is the manufacture and structure of the chips, regardless of the end product that contains the chip. The Court granted Invensas' motion and ordered Samsung to (1) produce technical discovery on the representative products, (2) identify all components within each Component Group, and (3) produce technical discovery relevant to the '336, '167, and '554 patents. (Dkts. 97, 107.) The Court further ordered Samsung to produce "relevant financial discovery (e.g., ***Invensas' Interrogatory No. 6***) . . . for each and every identified accused component for all of the patents-in-suit, including each Exemplary Component and each component within each Component Group specified in the Stipulation." (*Id.* at 2.)

On August 10, Samsung served its "financial discovery." Among the 396 documents, 300 were large spreadsheets. After tedious review, which required manually matching hundreds of "Product" codes to commercial product names to determine whether the production was complete, Invensas determined that ***only one*** contained actual sales of consumer products.

On August 20, Invensas told Samsung its financial discovery was deficient. ███

███
███
███
███
███

███

███

███



To date, Samsung has not produced all of the information it was required to produce. To the extent Samsung has produced some of this data, Invensas is still trying to sift through Samsung's tardy production on the day fact discovery closed and after.

## II. ARGUMENT

### A. Samsung Products Containing Qualcomm Snapdragon Processors and Samsung Appliances

The Court should compel Samsung to identify and provide relevant technical and financial documents regarding additional consumer-end products that contain reasonably similar Qualcomm Snapdragon processors and all appliances containing accused components. "It is well settled in the Eastern District that 'there is no bright-line rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions].'" *DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-cv-42-JRG, 2012 WL 2935172, at *2 (E.D. Tex. July 18, 2012).

3

Invensas identified in its contentions the Qualcomm Snapdragon 845, 835, and 820 chips as well as "reasonably similar" chips and any Samsung product including those components, expressly including tablets. Despite the Court's Orders compelling discovery regarding chips at the 10 nm and 14 nm finFET process nodes, Samsung now appears to contend that any Qualcomm Snapdragon components (other than the three listed above) are outside the scope of this case. These components are included in at least Samsung tablets sold before January 1, 2017.

With respect to appliances, Samsung has been on notice of this issue since at least June 13, 2018, when the parties discussed with the Court the relevance of appliances that may contain accused chips. Since then, Invensas has repeatedly asked and Samsung has repeatedly refused to provide discovery. Samsung cannot now claim that it did not have notice of Invensas' infringement theories or that the burden of disclosing these products outweighs their relevance.

### B. Products Sold by SEC

Invensas is entitled to discovery regarding products that *SEC* sells or imports into the United States. Less than a week before fact discovery closed, Samsung—for the first time— ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. This is despite the indisputable facts that SEC has been a defendant since this case began and Invensas specifically identified solid state drives and DIMMs in its infringement contentions served in January. Invensas is entitled to this discovery, and Samsung should produce it.

To the extent SEC sells products containing accused components outside the United States that result in the products being imported, sold, or used in the United States, that is relevant to induced infringement. *See Mediatek, Inc. v. Sanyo Elec. Co.*, No. 6:05-CV-323, 2007 WL

4

4386108, at *2 (E.D. Tex. May 3, 2007) (granting motion to compel discovery of defendant's manufacture and sale of products made and sold to third parties). From the beginning of this case Invensas has pled claims of induced infringement of these products by both SEC and SEA. (*See, e.g.*, Dkt. 1 at ¶¶ 29, 41, 55, 69, and 80.) The Complaint also alleged that both SEC and SEA "actively promotes the sale, use, and importation of its infringing chips . . . ***through its sales and distribution channels that encourage infringing sales, offers to sell, and importation*** of the [Accused Products and Accused Components.]" (*Id.* at ¶¶ 29, 41, 55, 69, and 80.) Invensas' amended complaint made identical claims of direct and indirect infringement against both SEC and SEA. (*See* Dkt. 52 at ¶¶ 30, 42, 57, 71, and 82.) Samsung cannot claim lack of notice. Invensas is entitled to discovery regarding SEC's sales of products to OEMs or other third parties. *LG Elecs., Inc. v. Hitachi, Ltd.*, No. 5:07-CV-90, 2009 WL 10677426, at *3 (E.D. Tex. Mar. 2, 2009) (granting motion to compel discovery regarding products "being sold by [defendant] on an OEM basis to [third parties]").

Samsung cannot argue Invensas has limited the present case to SEA U.S. sales. In response to Samsung's motion to sever and stay (Dkt. 44), Invensas explained the scope of the Delaware action was limited to "***SAS's non-U.S. sales*** of its domestically-manufactured semiconductor chips." (Dkt. 53 at 1.) Invensas stated again in its sur-reply that the Delaware case ███████ ████████████████████████████████████ ██████████████████████████████ (Dkt. 67 at 2-3.) Nowhere did Invensas limit or waive its claims for induced infringement by SEC. To remove all doubt, Invensas filed its Amended Complaint, which maintained claims for induced infringement, on February 16, 2018— the same day it filed its opposition to Samsung motion. Tellingly, Samsung did not move to dismiss or otherwise strike the induced infringement claims in Invensas' Amended Complaint.

### C. Documents That Samsung Admits It Should Produce

Samsung admits that it must produce product-level sales of memory cards, USB memory drives, additional solid state drives (and including an identification of the accused components contained in said products) sold by SEA. These documents include financial documents that the Court ordered Samsung to produce no later than August 11, 2018. (*See* Dkt. 107.) Although Invensas told Samsung throughout this case that any consumer-end products containing an Accused Component were part of this case, and despite the Court's Order, Samsung has dragged its feet in providing this information. ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████

Samsung appears to agree Invensas is entitled to most of this information as well as component-level information enumerated in categories 1 and 2 above (except as noted above), but ignored the Court-ordered deadline and did not even adhere to its own belated deadline of September 12.[2] This includes such fundamental information as cost per accused component, information which Samsung admits it should produce and provide a prepared 30(b)(6) witness, but has not. Samsung's delay in producing information for which there is no dispute has prejudiced Invensas' ability to litigate this case and prepare expert reports.

---

[2] Samsung produced a small number of financial documents on September 17 and 18 that may be responsive to Invensas' requests for financial information USB flash drives, memory cards, and additional SSDs. Because of the deadline to file motions to compel, Invensas has not been able to verify this production is complete, and Samsung has not provided any 30(b)(6) witness for this production.

### D. Deficient Production Relating to Accused Components

During the depositions in late August and early September, Samsung's witnesses identified a variety of relevant technical and financial documents that would have been identified in a reasonable search, and therefore should have been produced months ago. For example, Samsung belatedly withdrew Invensas' 30(b)(6) topic 27—which relates to cost per fabricated wafer, cost per tested wafer, yield per tested wafer, and cost per tested good die for each accused component—from the scope of its witness's depositions, sometimes on the day of the deposition. Samsung has not identified another 30(b)(6) witness for this critical topic. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Finally, Samsung has not corrected various technical issues identified during the depositions. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Samsung has not corrected this and other similar technical deficiencies.

There are also a host of issues from the depositions that Samsung has said that it will investigate or will otherwise produce in the near term, but all of this is overdue. Samsung should have already produced this information and should not have forced Invensas to discovery the deficiencies during deposition. Samsung should be compelled to produce this information to the extent it does not in the two days.

### III. CONCLUSION

Samsung should be compelled to produce all outstanding technical and financial discovery, including both the documents it appears to agree it should produce but has not, and all remaining documents that are relevant to Invensas' claims and subject to this Court's previous Orders. Samsung should also be compelled to produce witnesses to testify about the discovery it has withheld and will produce.

Dated: September 19, 2018

Respectfully submitted,

*/s/ Clement J. Naples w/permission Andrea Fair*
Clement J. Naples
New York Bar No. 4217717
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel.: (212) 906-1200
Fax: (212) 751-4864
Clement.Naples@lw.com

Matthew J. Moore
DC Bar No. 453773
Lawrence J. Gotts
DC Bar No. 417219
Alan M. Billharz
DC Bar No. 1034089
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Moore@lw.com
Lawrence.Gotts@lw.com
Alan.Billharz@lw.com

Joseph H. Lee
California Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Tel: 714-540-1235
Fax: 714-755-8290
Joseph.Lee@lw.com

Amit Makker
California Bar No. 280747
Brian W. Lewis
California Bar No. 290727
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com

        Brian.W.Lewis@lw.com

        T. John Ward
        Texas State Bar No. 20848000
        Claire Abernathy Henry
        Texas State Bar No. 24053063
        Andrea Fair
        Texas State Bar No. 24078488
        WARD, SMITH & HILL, PLLC
        PO Box 1231
        Longview, Texas 75606-1231
        (903) 757-6400 (telephone)
        (903) 757-2323 (facsimile)
        tjw@wsfirm.com
        claire@wsfirm.com
        andrea@wsfirm.com

        ***Attorneys for Plaintiff Invensas Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 17th day of September, 2018.

        */s/ Clement J. Naples w/permission Andrea Fair*
        Clement J. Naples

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the conference required by Local Rule CV-7(h) occurred via teleconference on September 19, 2018 between Clement Naples, Andrea Fair, and other counsel for Plaintiffs, and Brian Berliner, Melissa Smith, and other counsel for Defendants. The parties disagree about the substance of the motion, thus discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Clement J. Naples w/permission Andrea Fair*
Clement J. Naples

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 46).

*/s/ Andrea Fair*
